1833.

PHILLIPS
*v.*
STAGG.

---

PHILLIPS *v.* STAGG and GRAHAM.

---

SPENCER *v.* same parties.

---

A counsel in an action at law has no lien, upon the judgment recovered, for his fee in trying the cause ; but the attorney has, for his taxable costs. Still, the lien of the latter will not go further than the costs in the identical action.

In order to constitute an equitable assignment of money by means of an order upon the person in whose hands it may be, the order should direct the payment out of a particular fund ; and not generally out of any money to be received.

---

*July* 15*th.*
1833.

*Costs.*
*Lien.*
*Equitable*
*Assignment.*

Judgments at law had been obtained by the complainants respectively against the defendant Abraham Stagg. The latter had recovered a judgment against his co-defendant Graham, and the bills in the above causes were filed to prevent the same being collected by Stagg, but so that the amount of them might be applied in liquidation of the several debts due the complainants.

Prior to the recovery of the judgment against Graham, the defendant Abraham Stagg had given the following order upon the attorney he employed in the action :

" New York, February 22d. 1830.

" Dlrs. 303 75–100.

" Pay to Maturin Livingston or order " three hundred and three dollars and seventy five cents, " with interest, out of the first money belonging to me that

"may come into your possession from any law business of "mine and charge the same to the account of, your most "obedt. &c.                                    Abraham Stagg."

"To Samuel M. Fitch, Esq.
    "Counsellor at law, New York."

Which order the attorney accepted, payable as therein expressed.

Underneath, was written: "Received the above, as a "collateral security for so much rent due to me and given "as such.                                    M. Livingston."

The questions now for the Court were, as to the lien of the counsel and attorney, who tried the action against Graham, for their fees upon the judgment; and as to the right of Mr. Livingston to be paid out of it the amount of the above order.

Mr. *C. S. Woodhull* for the complainants.

Mr. *Wm. Mitchell*, for the defendant Stagg; and his law attorney and counsel.

Mr. *J. Anthon*, for the claimaint, Livingston.

THE VICE-CHANCELLOR.—The gentleman who acted as counsel for the defendant Abraham Stagg, in the action against Graham, has no lien for his counsel fee upon the money recovered. He cannot insist upon it merely because he performed the service.

But the attorney in the action has a lien for the taxable costs included in the judgment; and has a right to the same out of the money when received, in preference to the creditors of his client who have filed these creditor-bills: *Ex parte Moule*, 5 Madd. 462. And yet the attorney's lien is not to extend beyond the costs in this action. He cannot claim the amount of other costs due to him in other suits at law: *Lann* v. *Church*, 4 Madd. 391.

With respect to the claim of Mr. Livingston. The order which was given by Mr. Stagg upon his attorney Mr. Fitch is not an order upon this fund in particular: but it is, upon the first money belonging to him which should come into the

possession of the latter from any law business of Stagg's; and the acceptance was based upon this. It cannot be looked upon as an assignment of any part of the particular fund. For the purpose of constituting an equitable assignment, there must be an order or engagement to pay out of the particular fund: *Watson* v. *The Duke of Wellington*, 1. Russ. & M. 602.

If the money in question had come into the hands of Mr. Fitch before the complainants had filed their bills, then, there is no doubt, Mr. Livingston's right would have become perfect, and he could have recovered at law for money had and received against Mr. Fitch upon the principle to be found in *Weston* v. *Barker*, 12 J. R. 280. But, as that is not the case, the money is not to be considered as having been received for Livingston's use. His claim is necessarily put upon the ground of an equitable assignment, which cannot be supported: because, the order has no reference to this particular fund, the same being general and depending upon the event of money coming into the possession of Mr. Fitch.

The creditors are entitled to the money due from the defendant Graham on the judgments recovered against him, less the taxable costs due to Mr. Fitch's estate (he being dead); and an order may be entered, authorizing Graham to pay the same to the respective parties, pursuant to this decision, and that he be discharged from the effect of the judgment.