VREELAND *vs.* BLUNT and TOMPKINS.

Where a fund was raised by T. by a loan from G., and was placed in the hands of B. to answer certain specified purposes, among which was the payment of a certain sum to S., and T. thereupon drew a draft upon B., in favor of S., in these words, "Please pay to N. W. S. or order, $7000 *out of the money you receive from F. G. for me,* in the following manner, $500 when," &c.; and the draft was accepted by B. as follows, "Accepted, payable when in funds, under the contract;" *Held,* that the draft was payable out of the particular fund mentioned, which was to be regarded as equitably appropriated for that purpose. *Held also,* that after the recovery of a judgment by S. against T., for the amount.

Vreeland *v.* Blunt.

due from the latter to the former, on the draft, and the return of an execution unsatisfied, a bill would lie against T. and B. to compel B. to apply so much of the fund in his hands as should be necessary to satisfy such judgment, with interest and costs.

IN EQUITY. This was an appeal by the plaintiff from a decree of the late assistant vice chancellor of the first circuit. The bill was a creditor's bill, filed to obtain satisfaction of a judgment obtained by one Nathaniel W. Smith, in May, 1845, against the defendant Tompkins for $1004,30, which judgment had been assigned to the plaintiff. The defendant Blunt was made a party to the bill under the following circumstances. A Mr. Burtnett, the owner of certain lots in the city of New-York, made a contract with the defendant Tompkins, to erect seven houses thereon, and the latter agreed with Nathaniel W. Smith to pay him $7000 for superintending the mason work, and furnishing materials for part, by a draft on the defendant Blunt, payable in instalments as the work advanced. Francis Griffin had agreed to advance to Mr. Burtnett the sum of $14,000 as a loan, in instalments payable as the buildings went on. Burtnett, on the 26th of December, 1843, assigned his interest in this agreement to Tompkins, who, on the same day, assigned it to Blunt. Tompkins, for the purpose of paying Smith the $7000 which he had agreed to pay him for superintending the mason work of the buildings, &c. on the 9th of January, 1844, gave to him a draft upon Blunt, in these words :

"MR. JOSEPH BLUNT,

Sir : Please pay to Mr. Nathaniel W. Smith, or order, seven thousand dollars *out of the money you receive from Francis Griffin, for me,* in the following manner :

$500 *when* the 2 tier of beams is on and the brick work is up as high.

400 when third tier is on, and brick work up.

400 when fourth tier is on and brick work up.

800 when the roof is on.

800 when scratched and yards regulated.

800 when browned.

1200 when hard finished, and doors hung.

2100 when the buildings is finished.

And oblige yours,

GEORGE C. TOMPKINS."

This draft was accepted by Blunt as follows: "Accepted, payable when in funds under the contract." For part of the money due on this draft the judgment in question was given. It was admitted that Blunt had received from Griffin, under the contract between Burtnett and Griffin, the sum of $5000, since the acceptance of the draft; all of which he claimed had been paid out, under drafts drawn upon him by Tompkins, except the sum of $1200, which Blunt admitted he had in his hands at the commencement of this suit. A former bill was filed by Smith against the defendants in this suit, to prevent the assignment, by Blunt, of the contract, which he alledged he held in trust for the workmen on the buildings. That suit was still pending and undetermined, at the time of filing the bill in this cause. And the defendant Blunt insisted, by his answer, that such former suit was a bar to the present. After the assignment to the plaintiff of the judgment recovered by Smith against Tompkins, the plaintiff gave to Blunt the following notice:

"Sir: Take notice, that you are hereby required to pay me the amount of a judgment recovered in the court of common pleas of the city and county of New-York, in the name of Nathaniel W. Smith *vs.* George C. Tompkins, and docketed on the twenty-ninth day of May, A. D. 1845, for one thousand and four dollars and thirty cents. This judgment was assigned to me for a debt then due, and owing, by deed of assignment executed on the eighteenth day of October, 1845, and bearing date that day. If a judgment creditor's bill were filed by me against George C. Tompkins, you, on being made a party thereto, would be directed to pay to me the amount of that judgment out of any moneys you might have in your hands belonging to said Tompkins, if there were no other ground for the bill than the mere fact of holding that amount in your hands, or being a debtor to him in respect thereof; but you will bear in mind, that in your answer to the bill filed by Nathaniel W. Smith

against George C. Tompkins, and yourself, for the payment of the amount due from Tompkins, you expressly state that the contract between Tompkins and Burtnett, and the moneys receivable thereunder, were assigned to you for the purpose of paying the master mason, &c. and of meeting the acceptances you had come under, and that said Tompkins 'has agreed that of the moneys now accepted for this defendant should retain twelve hundred dollars, to meet the amount of any recovery which might be had against him by the said Smith.' This recovery now being had, should you decline or neglect to pay me the amount of this judgment, with interest thereon, I shall be compelled to make you a party to the creditor's bill I may file against said Tompkins, and not only ask in that bill the payment of this amount, but that you be directed to pay the costs occasioned by your refusal or neglect to pay what you have by your answer alone bound yourself to pay. I trust you will save myself this trouble and yourself this expense.

Dated New-York, October 20, 1845.

Yours, &c.

JACOB M. VREELAND."

JOSEPH BLUNT, Esq.

The defendant Tompkins suffered the bill to be taken as confessed against him. The cause was heard upon pleadings and proofs as to the defendant Blunt. The assistant vice chancellor made a decree dismissing the plaintiff's bill as to the defendant Blunt, with costs, and granting the usual relief as to the defendant Tompkins.

*S. Jones Mumford*, for the appellant.

*C. A. Rapallo*, for the respondent.

*By the Court*, HURLBUT, J. The objection based on the pendency of another suit instituted by Smith for the same cause of complaint, ought not to prevail. The present bill is more comprehensive, and embraces more completely the whole subject in dispute, than the bill preferred by Smith. No decree

Vreeland *v.* Blunt.

has been made in that suit, and upon a proper application it may be dismissed on such terms as will protect the rights of all the parties concerned.

The objection that the plaintiff had a complete remedy at law was not taken in the answer. But if it had been, it could not have availed the defendant; for whether the plaintiff stands in the position of a judgment creditor pursuing the assets of his debtor by the ordinary creditor's bill; or claims the specific application of the fund in the hands of Mr. Blunt, to the payment of his judgment, by reason of an alledged equitable assignment in his favor, he is equally entitled to come into a court of equity for relief.

The plaintiff has succeeded to all the rights of Smith, in whose favor Tompkins directed the defendant Blunt to pay the claim in controversy out of moneys he should receive for Tompkins from Francis Griffin. Mr. Blunt agreed to pay when he should receive the funds from Griffin. He was put in funds by the latter before the commencement of this suit, and admits that at that time he had $1200 in his hands.

The decree from which this appeal was taken, was based in part on the idea that the draft and acceptance did not amount to an equitable assignment of the funds in the hands of Mr. Blunt, because, as the assistant vice chancellor thought, it was simply a bill of exchange payable at large and not out of any particular fund. But it is very clearly otherwise. The draft directed Mr. Blunt to pay out of the moneys he should receive for the drawee, from Francis Griffin. A fund was raised by the drawee, by the aid of Griffin, and placed in the hands of Mr. Blunt, to answer certain specified purposes, among which was this payment of Smith's claim. The fund thus raised was of a specified amount; it was identified as coming from a particular source; and it was appropriated to a specific object. The holder of the fund had no interest in it—he was bound to apply it as directed by the owner—and he accepted the draft of the latter as payable specifically out of this fund. It seems clear that the draft was payable out of this particular fund, which must be regarded as equitably appropriated for that purpose.

(*See Morton* v. *Naylor,* 1 *Hill,* 583 ; *Bradley* v. *Root et al.* 5 *Paige,* 632 ; *Yeates* v. *Groves,* 1 *Vesey, jun.* 280.) As to the objection that the plaintiff has not proved the amount which was due Smith on the draft, it may be observed, that Mr. Blunt was not interested in the performance of the contract between Smith and Tompkins ; and if the latter chose to waive its performance in part, and to release Smith from the fulfilment of a condition on which the draft was originally made payable, it is not competent for Mr. Blunt to object. The plaintiff's claim is established by a judgment against Tompkins. He is the principal debtor, whose liability is fixed and determined, and Mr. Blunt, as the naked holder of the fund, bound by agreement to apply it for the plaintiff's benefit, can not alledge that which his principal is precluded from urging, against the application of the fund to the payment of the judgment.

So much of the decree of the assistant vice chancellor as was appealed from, must be reversed with costs, and a decree must be entered declaring the plaintiff entitled to be paid the amount of his judgment with interest and costs of this suit, and of this appeal, out of the funds in the hands of Mr. Blunt, as admitted in this suit, upon which interest must be charged from October 20, 1845, the day when the plaintiff demanded to have the moneys applied to the satisfaction of his judgment.

