*G-ardiner, J.
 

 The draft in question was an ordinary hill of exchange, payable generally and absolutely. In
 
 Harris
 
 v.
 
 Clark
 
 (3 N. Y. 118), it was said, that a bill of exchange does not, of itself, give to the holder, either in law or equity, a lien upon the funds of
 
 *494
 
 the creditor in the hands of the debtor, until an acceptance by the latter. And in the still stronger case (3 N. Y. 243) of a draft drawn simultaneously with a consignment of cotton to a house in Scotland, the same doctrine was re-affirmed by this court.
 

 There is nothing in the case before us, to distinguish it, in principle, from those cited. The bill was not, in terms, drawn upon a particular fund, nor was the money of Clarke, in the hands of the drawees, alluded to, even in conversation, when the bill was discounted by the plaintiff. If the holder, by the receipt of the bill of exchange, for value, acquired, neither at law nor in equity, a lien upon the balance due to Clarke, and then remaining with the drawees, the drawer had the right to dispose of it, at his pleasure. If, intermediate the time of procuring the bill to be discounted, and its presentation to Furness, Brinley & Co., the drawer himself had obtained the two hundred and fifty dollars from his correspondents, the plaintiff could not have maintained an action against Clarke for the sum thus received. It was not the money of the holder, but of the drawer. (11 Paige 612.) The equities against the defendant, the assignee of Clarke for the benefit *of creditors, who obtained the money, in good faith, and without notice of the draft, are not stronger, certainly, than against the assignor. I think, the decision of the superior court was right, and that the judgment should be affirmed.
 

 Judgment affirmed.
 
 [1]
 

 [1]
 

 See, to the same effect, Chapman
 
 v.
 
 White, 6 N. Y. 412; Attorney-General
 
 v.
 
 Continental Life Insurance Co., 71 Ibid. 325; New York and Virginia State Stock Bank
 
 v.
 
 Gibson, 5 Duer 574; Fabars v. Welsh, 1 Clark (Pa.) 367.