By the Court. Bosworth, J.
This case and that of the Union Bank v. Coster's Executors, (3 Coms. 204,) are, in some respects, alike. In both cases the guaranty has no date. The court, in the Union Bank v. Coster's Executors, held, that the guaranty and the contract, on whieh it was written, should be deemed to haVe been made at the same time. (Id. 211.) In that case, they were moved to have been made at the same time. In the case *665 before us, the complaint alleges, and the demurrer admits, that they were made at the same time.
Do the material facts of the two cases correspond in other respects ?
In the Union Bank v. Coster's Executors it was held, that the consideration of the guaranty appéared upon the instrument of which the guaranty was a part. That, applying to it the ordinary and settled rules of construction, it clearly appeared what the precise consideration of the guaranty was, and that the terms of the whole instrument necessarily excluded the idea that the consideration was, either in whole or in part, any thing else.
In that case, Heckscher & Coster agreed to accept and pay at maturity any drafts on them at sixty days’ sight issued by Messrs. Kohn, Daron & Co., of Mew Orleans, and negotiated through their bank to the extent of $25,000. And the defendant’s guaranty read thus: “ I hereby guarantee the due acceptance and payment of any draft issued in pursuance of the above credit.”
When that guaranty was made, it guaranteed the payment of no pre-existing or co-existing debt of Heckscher & Coster.
The whole instrument was treated as being a request of each party signing it, addressed to the bank to which it was delivered, to purchase drafts that might be drawn in pursuance of it. Heckscher & Coster agreed to accept and pay such drafts at maturity. The defendant agreed that they would so accept and pay. The future purchase of such drafts, on the faith of the whole instrument, was the consideration, as well of the guaranty as of the special promise of Heckscher & Coster. That this was the whole actual consideration was as clearly expressed by the instrument itself as if it had been formally stated in the most explicit terms. The agreement of the defendant, therefore, was not only in writing, but the writing itself expressed the consideration of it.
In the case before us, the paper, or contract, signed by Hasewell, states that he had made a purchase of 885 shares of stock at a price which amounted to $1,181^-, the stock to be delivered and money paid at his option, in sixty days.
Irrespective of the extrinsic facts alleged in the complaint, a stranger to the transaction, looking at the whole instrument, and to that only, could not know whether the guaranty was an inducement to Draper to sell the stock, and was a constituent part of the *666 consideration for his contract to sell and deliver, or whether some special consideration was paid to- Snow for making it, or whether it was, in fact, made without any consideration.
It is, indeed, apparent that the stock was to be delivered on a day subsequent to the date of the guarantee, and that the liability of Hasewell to accept it and pay for it became absolute on his executing the contract, and not before. (2 R. S. § 3.) The consideration of his contract is expressed by the writing which he signed. If the consideration of the guaranty is so clearly and fully disclosed by it that the court can see that it is a particular thing, and nothing else, then it is unnecessary to state it otherwise than by setting forth, in full, the whole instrument, of which the guaranty forms a part.
The plaintiff, instead of relying upon the terms of the whole instrument, as expressing the consideration of the guaranty, has deemed it expedient to allege, “that before entering into said contract with the said Hasewell, and as an express condition thereof, the said plaintiff required from the defendant above-named, his guaranty of the performance by the said Hasewell of the different stipulations on the part of the said Hasewell contained therein. That therefore at the time of the making of the said contract above set forth, the said defendant indorsed thereupon his certain guaranty, in the words and figures following, viz.” ....................
The plaintiff has therefore stated what was the actual consideration of the guaranty. Is the consideration, which is thus formally averred, clearly shown, by a just construction" of the instrument itself, to be the actual, the whole, and the only consideration of the guaranty.
If it is not, and if some other consideration is equally consistent with the terms of the instrument, and all inferences which a proper construction of it will warrant, then the extrinsic facts alleged to show the actual consideration may be controverted by the answer, and a failure of the plaintiff to prove them would entitle the defendant to a verdict. An entire want of consideration would be a defence to the action, independent of the difficulty presented by the statute of frauds.
Suppose, upon the trial of an issue raised upon these allegations of extrinsic facts, it should appear that the plaintiff and Hasewell *667 had concluded their contract, and that Hasewell had executed and delivered it, before any thing had been said by either party upon the subject of having its performance by Hasewell guaranteed, and that the defendant, at the request of either, or of both, signed it, without any consideration therefor, paid, or agreed to be paid, could the plaintiff recover?
I think he could not recover, and that on the whole instrument, the necessary inference is, that the defendant guaranteed the performance by Hasewell of a contract existing when the guaranty was signed; and that it not only does not appear from the instrument itself, what was the actual precise consideration of the guaranty, but that it was made without any consideration is not repugnant to the fair and natural import of its terms.
In the Union Bank v. Coster's Executors, it was held, that it was apparent from the instrument itself, that the future purchase of drafts, on the faith of the guaranty, was the consideration of the guarantor’s promise, that the drawers should accept and pay them at maturity.
The decision in Brewster v. Silence does not conflict with that made in the Union Bank v. Coster's Executors. That such is the judgment of the Court of Appeals, is evident from Gates v. McKee, (3 Kern. 232-238.)
In the former case, it was said that the note was the debt of the maker, and the guaranty was the engagement of the defendant that the maker should pay his note when it became due. There was nothing on the face of the whole instrument from which it could be inferred, with certainty, what the consideration of the guaranty was.
In Brown v. Curtiss, (2 Coms. 225,) the defendant, although his written contract was in the form of a guaranty, was held to have contracted directly with the plaintiff for his own benefit, and upon full consideration received by himself; and that on the particular facts of the case, his contract was an original and not a collateral one, and would have been good without any writing ; that his contract was one made for the payment of a debt owing by himself, and not by a third person. Under that view of the case, it did not decide that the contract satisfied the statute, but that the case did not come within the statute. (Id. 229 and 234.)
In Dunham v. Manrow, (2 Coms. 533,) the decision was put on *668 the ground that the case did not fall within the statute. Three of the seven Judges who heard the argument were of the opinion that the case came within the statute, and that the guaranty was void. Kone of them held, that if within the statute, the guaranty was valid.
In Hall v. Palmer, (2 Coms. 533,) the plaintiffs failed to recover. The three Judges who held that Dunham v. Manrow was a case within the statute, also held that the two cases were not distinguishable, and voted to affirm. Three of the four Judges who held that Dunham v. Manrow was not within the statute, voted to reverse, but on what ground the report of the case does not state. The other of the four voted to reverse, on the ground that the contract of the guarantor was upheld by no consideration in fact. (Id. 557.)
In Brewster v. Silence, all the Judges, except one, concurred in the judgment given. Unless there is a substantial distinction between that case and the present, the decision made in the former must control the one to be made in this.
We think no such distinction exists, and that the order appealed from should be reversed, and judgment given on the demurrer, in favor of the defendant.
Entertaining this opinion, we deem it unnecessary to consider the second point, made by the defendant, on the argument of this appeal.
Order appealed from reversed, and judgment ordered for the defendant.