By the Court. Bosworth, J.
Such an agreement as has been proved, is an agreement of Hund, to be answerable for the *434 debt or default of Seeback. On such an agreement Hund is not liable, unless it is in writing, and subscribed by him.. 2 R. S, 135, § 2, sub. 2.
The only written agreement held by the plaintiff to which Hund is a party, is one by which, according to its legal effect, Hauck the plaintiff, promises to pay to Hund, or any subsequent endorser of the note, the note itself, if Seeback fails to pay it, provided that payment of it is demanded of Seeback on the day it falls due, and notice of such demand, and of Seeback’s default, is duly given to Hauck.
Hund does not agree, either by the terms of the written contract, or by its legal effect, to pay anything to Hauck, in any event.
If the plaintiff can recover in this action, he must do so, by violating two settled rules of law.
First. He must be permitted to prove by parol, that the actual agreement was radically different from the written one, which he cannot do.
Second. When such agreement has been proved by parol, he must be permitted to recover upon it, while the statute is peremptory, that the defendant shall not be charged upon such an agreement when proved verbally, merely because it was not reduced to writing and signed by the defendant.
These views, though briefly stated, appear to us to be a perfect answer to the plaintiff’s right to recover.
« It cannot be denied that the effort of the Courts to find some distinction on which they could make parties liable upon their contracts, when clearly proved, although the only written evidence as to what they agreed, was a note endorsed in form like the present, has led to decisions apparently conflicting, in relation to the question before us.
Whenever the Courts depart from the plain meaning of the statute, or a well established rule, in search of some extremely technical consideration, to obviate the supposed hardships of a particular case, it is not strange that conflicting decisions should occur, and that following one questionable precedent after another may lead to consequences, that render it necessary to#ecur to fi^ed principles and abide by them as rules of decision.
The object of the statute exempting a person from liability *435 upon his promise or agreement to answer for the debt or default of another, unless the agreement is in writing and subscribed by the person sought to be charged, was to prevent frauds and perjuries.
The rule which forbids the receipt of verbal evidence to establish an agreement contrary to the terms, or clear legal import of the contract of the parties as reduced to writing and signed by them, is one of obvious necessity. Without a firm and uniform application of it, there can be no certainty or safety in the business transactions of life.
It is better for the public that, an individual should occasionally suffer, in consequence of his having omitted the formalities made by law essential to a valid contract, as a penalty for his ■ carelessness, than th^t, written contracts deliberately drawn, and formally signed, should be subject to be varied in their terms, by the uncertainty of human memory, and the selfishness of interest, or that statute law should be disregarded by charging a party under circumstances, which that law declares shall create no liability.
Whether there was any such mistake in the form of drawing the note, as would create a right in favor of the plaintiff to have it reformed by a Court of Equity is a question which does not now arise. (Phelps v. Garrow, 8 Paige, 322.) Ho such relief has been asked, nor has any case been stated by the complaint, with a view to establish a right to it. The complaint states a cause of action arising on contract, and seeks the recovery of money only.
The cases of Hall v. Newcomb, 7 Hill, 416; Spies v. Gilmore, 1 Com. 321; Durham v. Manrow, 2 id. 533; Hall v. Farmer, 2 id. 553; Brewster v. Silence, 4 Selden, 207; Hahn v. Hull, 2 Abb. 352, and Cottrell v. Conklin, 4 Duer, 45, show a disposition to . hold, and some progress in holding parties to their contracts, as they have made them. They deny the right to create by judicial legislation a liability where none exists, by the terms or legal import of the written contract, and enforce the statute of frauds, so as to exempt a party from liability upon contracts, which that statute declares to be void.
We think the verdict should be set aside, and a judgment entered for the defendant, dismissing the complaint with costs.*

 See Draper v. Snow, 6 Duer, 662.