By the Court—Bosworth, Ch. J.
By the contract of the 15 th of October, 1856, between Beattie and W. H. Cronk, the former covenanted, unconditionally, to furnish and deliver certain kinds of stone for eight houses, and Cronk covenanted as unconditionally to pay therefor $2,000, in notes made by the defendant at three months from their date; the notes to.be delivered separately as specified in the contract. By the obvious meaning and clear import of this contract, the stone was to be furnished to Cronk; and by the terms of the contract it is equally clear that Cronk covenants to pay the contract price.
The complaint alleges that the order drawn by Cronk on the defendant “was made and delivered to Beattie” “on or about said 15th day of October, 1856,” “which order the said defendant afterwards, and on or about the 17th day of October, 1856, duly accepted in writing.”
By that order and the defendant’s acceptance of it. the defendant agreed to deliver to Beattie such notes as Cronk had covenanted should be delivered to him, when by the terms of such covenant Beattie should be entitled to demand them.
The liability of Cronk upon his covenant continued unaffected by the defendant’s acceptance of this order. He remained liable absolutely and as principal.
In Brewster v. Silence, (4 Seld., 207,) the defendant, F. Silence, was sued as guarantor of “the payment of a note made by George Silence.” The jury found (3d.) “That the consideration of the note was a pair of horses sold to George Silence by the pajme of the note, and that a condition of the sale was that the note should be guaranteed by the defendant, and that the sale was not consummated until after the execution of the guaranty.”
*108 (4.) “That after the execution of the note and guaranty, the horses were delivered by the payee, Thompson, to George Silence, who at the same time delivered the note and guaranty to Thompson.” (Id., 209, 210.)
In the present case, the "complaint treats Cronk as the principal debtor, as the complaint in that case treated George Silence as the principal debtor.
In that case the defendant was held to be not liable; the present case, if not as clearly within the statute of frauds as that, contains nothing which can exempt it from the operation of that statute. It is quite clear that the defendant’s contract is collateral, and is an agreement to be answerable for the debt or default of another.
In the case of Draper v. Snow, (6 Duer, 662,) the complaint averred extrinsic facts of the same nature as those attempted to be proved in the present case, and with great fullness and precision ; and on a demurrer to the complaint, judgment was given for the defendant.
The proof given in the present case, to the effect that “ Beattie said he would not furnish stone without Roberts’ notes; he would not sign that contract or do work without Roberts accepted the order,” even had it also been proved that he said this to Roberts is wholly immaterial.
If this was in truth the consideration of Roberts’ acceptance, his acceptance does not express that, nor any consideration for it, and is therefore void by the statute of frauds.
There is no averment in the complaint, nor any proof that, by agreement between all the parties, the stone was to be the property of Roberts when furnished. He is not liable for them as for stone sold and delivered to him.
We think Roberts’ agreement is an agreement to be answerable for the debt of Cronk. What was the precise relation existing between him and Cronk, the evidence does not disclose.
The consideration of it may be that which the testimony of Higgins was designed to establish. But though that may be so, the order and acceptance when construed together do not express that to be the consideration. - And-if they do not express that, nor any other sufficient consideration, then Brewster v. *109 Silence and Draper v. Snow are conclusive against the defendant. [1]
For aught that is contained in the order or in the acceptance, the consideration may as well have been some pecuniary compensation paid to Roberts by Beattie or by Cronk, as that which the testimony given by Higgins was introduced to establish. A pecuniary compensation paid by either, would be consistent with anything that is stated in the defendant’s contract.
A contract by one person to answer for the engagement of another, in order to satisfy the statute of frauds, must either state the consideration of it in direct and intelligible language; or its terms must be such as to import what the precise consideration is, as clearly as if formally stated in the most direct and explicit manner. (Union Bank v. Coster's Exrs., 3 Comst., 204; Draper v. Snow, 6 Duer, 665.)
Even if it be true, as the plaintiff contends, that Roberts “ was an original contractor, and not a surety or guarantor for Cronk,” then the time within which Beattie was obliged to perform on his part, as a condition to his right to recover, could not be enlarged without the consent of Roberts. It certainly could not be if the defendant’s position was that of surety.
This proposition is so obvious as not to require the citation of authorities in its support. The jury were instructed “ that a failure to furnish the stone by the 20th was a default which, in the terms of the contract, does not go to the exoneration of Roberts.” To this the defendant excepted.
This instruction withdrew from the jury the question whether Roberts had or had not assented; and by it they were told that any default on the part of the plaintiff was immaterial. If this be so, then Roberts would be liable, though the stone had not been furnished until after the lapse of one or more years.
We think this part of the charge is clearly erroneous.
The judgment must be reversed, and a new trial granted, with costs to abide the event.
Ordered accordingly.

 See Church v. Brown, 21 N. Y. R., 315, 329.