By the Court. Moncrief, J.
—The law presumes in favor of negotiable paper a good consideration until the contrary appears ; the notes upon their face express a consideration ; the defendant in his answer, éxpressly and distinctly avers, that the notes were given to him, said plaintiff, “for said plaintiffs’ interest in the debt due from Johnson to the defendant and the plaintiff, as copartners.”
The evidence offered, did not show or tend to show, either an entire or partial failure of consideration.
A note which has been executed and delivered, cannot be contradicted, nor can its legal effect be controlled by *370 oral evidence that it was to have no validity except in a certain event.
When the parties have deliberately put their engagement in writing in such terms as import a legal obligation without any uncertainty as to the object or extent of such engagement, it is presumed that the whole contract of the parties and the extent and manner of their undertaking have been reduced to writing; and hence oral testimony, of a previous colloquium between the parties, or of -conversations and declarations at the time when it was completed, will not be admitted to substitute a new and different contract for that actually committed to writing. Thus, parol proof, is inadmissible to show that an absolute agreement for the paymént of money was to be performed only in a certain event. (1 Greenl. on Ev. § 275 ; Thompson v. Ketcham, 8 J. R. 192 ; Wells v. Baldwin, 18 J. R. 45 ; 1 Cowen, 249 ; 1 Hill, 116 ; 1 Greenl. on Ev. § 281.) So where the instrument purported to be an absolute engagement to pay at a specified day, parol evidence of an oral agreement at the same time that the payment should be prolonged or depend "upon a contingency, or be made out of a particular fund, has been rejected. (3 Camp. 57 ; 5 Pick. 506 ; 5 Verm. 114, 152; 7 Mass. 518; 17 Wend. 190; 13 Wend. 527 ; 8 J. R. 192; 4 Gray, 504, 506 ; Woodbridge v. Spooner, 3 B. & Ald. 233 ; 1 Gow. R. 74 ; Edwards on Rills, and notes from 313, 314, 315, and cases cited.) This court, at general term, in Haucksr. Hund, (1 Bosw. 431,) (disapproved by the court of appeals upon another point) holds to the same effect.
In Chester v. The Bank of Kingston, (16 N. Y. R. 336,) the only question necessarily arising and decided is, that the bond in question having been given as collateral security for the notes of the respondents, evidence of the parol agreement would be admissible to show that payment of the debt satisfied the bond. The evidence would not contradict the terms of the bond. The eyidence merely goes t'o show that the purpose and intent for which it was given had been accomplished. The debt for which, the bond was given having been paid, satisfied the bond. The evidence *371 clearly established a total failure of the consideration of the bond, and under all the authorities, was. clearly admissible.
Comstock, J., at page 341, says : “ Where there is a perfect delivery of a written obligation, it is plain that evidence cannot be given of a cotemporaneous parol agreement contradicting the terms of the instrument or impairing its force.”
In Prall v. Hinchman, (6 Duer, 351,) the question now under consideration did not arise, nor was it discussed.
In Bernhard v. Brunner, (4 Bosw. 528,) the defense set up was a quasi fraudulent possession of the check sued upon by the plaintiff, and also an averment of an entire want of consideration.
The evidence did not seek to vary the terms of the contract as imported by the check, but tended and was offered, as tending to show, an impeachment of the title of the plaintiff; that the delivery of the check by the defendants was conditional, and a total want of consideration.
In Moore v. Cross, (19 N. Y. R. 227,) no such question arose, and it was simply held that where one who, for the accommodation of the maker, indorses his note payable to the order of a third person, is liable thereon to such payee as an indorser, and not as maker or guarantor. McGevey made his note to the order of the plaintiff, and in pursuance of an agreement the note was indorsed by the defendant for the accommodation of the maker. The note was discounted at a bank, and being unpaid at maturity, was duly protested and taken up by the plaintiff.
The case of Hauck v. Hund, (1 Bosw. 431,) involved the same principle, and in that respect, was overruled by the court of appeals.
It is clear that the evidence offered was not admissible, inasmuch as it directly tended to vary the times of payment and terms of the written instruments upon which these actions are brought. The ruling and direction given by the learned court below, were correct, and judgment must be entered for the plaintiff in each action, in accordance with the verdict, with costs.
Ordered accordingly.