FREDERICK HUTTER, Respondent, *v.* GEORGE ELLWANGER
and PATRICK BARRY, Appellants.

(GENERAL TERM, FOURTH DEPARTMENT, FEBRUARY, 1871.)

An order upon the holder of funds cannot be made to operate as an equitable assignment by reason of an intention of the drawer not imported by its language.

An order was made payable " at time of completion and acceptance of contract," with direction to charge to account of drawer, whose sole liability to the drawee was for moneys growing due upon the only contract between

Hutter *v.* Ellwanger.

them, and the drawer's intention appeared to have been to charge that fund.—*Held*, that there was not an equitable assignment of the fund, or of any part of it.

THIS was an appeal by the defendants from a judgment in favor of the plaintiff, entered on the report of a referee.

The plaintiff sued to recover the amount of an order drawn by one R. W. Underhill in their favor upon the defendants. The case was referred.

It appeared that Underhill had made a contract with the defendants, dated March 31st, 1869, to erect certain houses in Rochester, on or before October 8th ensuing, according to the specifications of architects, and to furnish the necessary materials therefor, all for the sum of $10,850, of which sum eighty per cent was payable as the buildings progressed, on the architects' certificates, given once in two weeks, and the remaining twenty per cent was to be retained until the contract should be completed and accepted by the architects.

The plaintiff did the stone work, plastering, and other mason work upon the buildings, under a sub-contract with Underhill; and there was due to him from Underhill, on the 7th December, 1869, on account of such work, a balance of $670. Upon that day Underhill drew and delivered to the plaintiff an order as follows, viz. :

"$670.
"Messrs. ELLWANGER & BARRY:
"Pay the bearer, Mr. Hutter, six hundred and seventy dollars, and charge my account for building on Cypress street, when his work is accepted, it being the amount due him on settlement.   Dec. 7, 1869.

"R. W. UNDERHILL."

The plaintiff notified the defendants of this order within a few days after its receipt by him.

It further appeared that, on the 4th of November, 1869, Underhill had drawn and delivered to the payees named therein two other orders, as follows, viz. :

" Messrs. ELLWANGER & BARRY :

"Please pay M. F. Reynolds & Co. five hundred dollars on my contract for building houses, when the work is completed and accepted. Rochester, Nov. 4, 1869.

"R. W. UNDERHILL."

" $900.                    "ROCHESTER, Nov. 4th, 1869.

"Pay to the order of Luther Gordon & Co. nine hundred dollars, at time of completion and acceptance of contract, value received, and charge to the account of

"R. W. UNDERHILL.

" To ELLWANGER & BARRY, Rochester, N. Y."

Underhill had no other account with, or funds in the hands of, the defendants than those arising from the contract for building already mentioned; and the defendants had timely notice of the orders of the 4th of November prior to notification of the order in plaintiff's favor. Underhill completed his contract, and on the 12th December, 1869, the architects accepted it.

The defendants refused to accept the order drawn in plaintiff's favor, but at the same time informed him that they had funds in hand more than sufficient to pay the order, and due from them to Underhill on his contract. This information was given, however, upon the belief of the defendants, founded on an erroneous statement made to them by the architects, by which it appeared that $1,000 more than was actually due to Underhill had been stated to be due.

It also appeared that Underhill had, at the time of the presentation to the defendants of the order in favor of the plaintiff, in the defendants' hands, due upon his contract, sufficient funds to pay that order, and also the order for $500 of November 4th, but not sufficient to pay all three of the orders; that the orders of the 4th November were then both unpaid, and a payment of the $900 order, as well as that of $500, would have left nothing in the defendants' hands for payment of the plaintiff.

The referee found that the order in favor of Luther Gordon & Co., for $900, was not an assignment or appropriation of any part of the money due Underhill on his contract, but that the orders to M. F. Reynolds & Co. and to the plaintiff assigned and appropriated those moneys, *pro tanto*, and directed judgment for the plaintiff for the amount of the order and interest.

*George F. Danforth*, for the appellants..

*Rowley & Parker*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.  The plaintiff's order, on which this action was brought, clearly operated as an assignment of the funds of the drawer, due or to become due, on the building contract, if there were funds to that extent in the defendants' hands which had not been previously appropriated or assigned by the drawer.  That such an order upon a particular fund operates as an assignment of it, to the extent of the order, is not questioned, and is well-settled in this State. (*Hall* v. *The City of Buffalo*, 1 Keyes, 193.)  The order is upon the defendants, to pay the plaintiff $670, "and charge my account for building on Cypress street, when his work is accepted, it being the amount due him on settlement."

The defendants had notice of the order, and at one time promised to pay it; but this promise was made under a mistake of facts as to the amount which would be due to the drawer from them on the completion of his contract with them for building on Cypress street.  This mistake arose from the erroneous report of the architect to the defendants, that there would be due the drawer, when his work should be finished and accepted according to the contract, the sum of $2,400, when, in point of fact, there would be only $1,400 his due.  The drawer of the order in question had previously drawn two other orders on the defendants, one for $500 and the other

for $900, of both of which the defendants had had notice before the plaintiff's order was drawn.  These two orders first drawn covered the entire fund, if drawn upon it, and left nothing to be assigned to the plaintiff by virtue of his order. There was nothing remaining which he could take.

The previous order of $500 was clearly, upon its face, drawn upon that fund; and the principal question on which the case turns is, whether the order of $900 is also an order upon the same fund, and operates as an assignment of it, *pro tanto*, to the payees.

This order is as follows : " Pay to the order of Luther Gordon & Co. $900, at the time of the completion and acceptance of contract, value received, and charge to account of" the drawer.  This, it will be seen, is clearly an order, and not a bill of exchange, as it is payable upon a contingency which may never happen.  It might never become due and payable. Neither of these orders had been in form accepted by the defendants.  They had only been notified that they had been drawn.  This $900 order, it will be seen, is payable generally out of any funds of the drawer in the hands of the drawees, or which might come to their hands thereafter.  It does not specify any particular fund out of which payment is to be made, but is to be charged to the account of the drawer generally.  Nor does it specify, in terms, what contract was to be completed and accepted when payment might be made.

An ordinary bill of exchange, before acceptance, is no assignment of funds in the hands of the drawee, and gives the holder no lien, legal or equitable, upon such funds.  (*Winter* v. *Drury*, 5 N. Y., 525.)  This order would be a bill of exchange but for the fact that the time of payment may never happen.  An order drawn payable out of a particular fund is not a bill of exchange, although drawn in the form of a bill in other respects, but an order.  It is, however, an assignment of the fund, or so much thereof as may be necessary to satisfy the amount ordered to be paid, and the drawer has no further control over it.  If the drawee, after notice of the order, pay the fund to the drawer, he pays it in his own wrong, and is

liable to the payee or his assigns.    But it seems to be perfectly settled that, in order to constitute an assignment, the order must specify the particular fund upon which it is drawn.    The cases on this subject are quite numerous.    (*Row* v.*Dawson*, 1 Ves., Sen., 331 ; *Burn* v. *Carvalho*, 4 Mylne & Craig, 690 ; *Rodick* v. *Gandell*, 15 Eng. Law and Eq., 22 ; *Weston* v. *Barker*, 12 Johns., 276 ; *Bradley* v. *Root*, 5 Paige, 632 ; *Morton* v. *Naylor*, 1 Hill, 583 ; *Field* v. *Mayor, &c., of New York*, 6 N. Y., 179 ; *Hall* v. *City of Buffalo, supra ; Vreeland* v. *Blunt*, 6 Barb., 182.)

In order to constitute an assignment, the order must specify the fund from which it is to be paid.    If by its terms it is payable generally out of any money of the drawer which may come to the hands of the drawee, it does not operate as an assignment.    (*Philips* v. *Stagg*, 2 Edw. Ch., 108 ; *Watson* v. *The Duke of Wellington*, 1 Russ. & Mylne, 602.)    In the last case the master of the rolls said : "I am not at liberty to conjecture what might have been the intention of the parties, except as it is to be collected from the expressions of the letter ; and, giving the words of the letter their natural signification, I cannot there find any agreement on the part of the Marquis of Hastings to pay the debt out of this money."

This answers the point made by the appellants' counsel, that the referee should have held that the $900 was an assignment of the fund or debt for building, inasmuch as he has found that it was the intention of the drawer that it should be paid out of that fund, and that he had no other funds in the hands of the drawees.    But the mere intention never operates as an assignment.    An assignment can only be made by language which constitutes an express assignment, or which, in law, imports one.    This order was clearly payable out of any moneys of the drawer which might come to the drawees' hands ; and, although it is found that, at the time the order was drawn, there was no other fund in their hands out of which it could have been paid, the court cannot see but that other funds might have come to their hands before the order became due and payable.

It is enough, however, that there are no words in the order which, either express, or in law, import an assignment of this fund. The reference to the contract in the order only fixes the time of payment, and, for that purpose, I have no doubt the fact might be properly shown, that there was but one contract existing between the parties at the time the order was drawn.

But the difficulty is, that the order directs the payment thereof to be charged to the account of the drawer generally, and not to the fund growing out of the contract.

The decision of the referee, therefore, was right, and the judgment must be affirmed.

Judgment affirmed.