Miller, J.
The first question which demands consideration in this case is as to the effect and nature of the acceptance of the order or draft drawn by Lewis upon the defendant. The draft was drawn in favor of Gosson & Monahan, who had agreed to perform a certain portion of the work which Lewis had entered into a contract with the defendant to perform, in the erection of certain buildings upon the lands of the defendant. The order was drawn at the end of the contract of Lewis with Gosson & Monahan, for the amount to be paid to them “ on the completion' of the above contract when approved by me.” The counsel for the defendant claims that the contract created by the acceptance, if valid, was collateral to an original contract on the part of Lewis — a promise to pay the debt of another, and therefore a contract of suretyship or guarantee, and hence within the statute of frauds.
*444 A guarantee is defined by the elementary writers to be a promise to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person, who in the first instance is liable for such payment or performance. (Fell on Guarantee and Suretyships, 1; 3 Kent Com., 121.) It is a contract which is frequently made in reference to commercial transactions, and when applied to commercial paper bears some analogy tó that of an indorser. When made the word guarantee is usually incorporated in the agreement, thus expressing the actual nature of the contract. When this is done the purpose of the obligation is plain and distinct. In the case at bar the term guarantee was not employed, but the defendant accepted the order of Lewis, which was virtually an agreement to pay the same when the amount therein mentioned became due. If it had been an ordinary draft in the usual form, the acceptor of the same, no doubt, would have been liable upon his acceptance. As it was drawn referring to á contract which had previously been entered into, I think the order and acceptance must be considered in connection with the contract to which it related, and of which it is fairly to be assumed it constituted a part. They must be construed together as relating to one entire transaction. The case shows that the defendant had made a contract with Lewis for the erection of certain buildings upon land which the defendant owned and which he was to convey to Lewis after the buildings were completed, the defendant making advances to him as provided in the contract. Lewis contracted with Gosson & Monahan to excavate the cellars and build the cellar walls, and made the order for the amount of the contract upon the defendant, who accepted the same upon the conditions stated in the order. This constituted the entire arrangement, and I am unable to discover any valid ground upon which it can be claimed that the acceptance of the defendant was a contract of suretyship. The defendant did not expressly agree to pay if Lewis did not, nor was the instrument signed of a character in which he might be considered as a surety of an orig *445 inal undertaking. An acceptance is an assent or agreement to comply with the request or order contained in the bill, or, in other words, an assent or agreement to pay the bill according to the tenor of the acceptance when due (1 Pars. on Notes and Bills, 281); and the defendant, by his agreement, bound himself to pay the amount specified upon the completion of the contract, when approved by Lewis. This was an independent contract and constituted the defendant a party to the contract made by Lewis for the excavation of the cellars and the building of the cellar walls. It was not an undertaking to answer for the debt, default or miscarriage of another, but an absolute agreement for performance on his part. In Van Wagner v. Terrett (27 Barb., 181), an agreement was entered into for the erection of certain buildings, and a draft was drawn by the contractor upon the defendant, who had entered into the contract with the builder, for the payment of a sum of money as per contract, and to be applied on the second payment, which draft was accepted by the defendant, and it was held that the draft was not a bill of exchange because it was not for the payment of money absolutely and at all events; that the acceptance was not a guarantee because the relation of principal and surety did not exist at the time the draft was accepted, and was not created thereby, and that the promise was an original undertaking. Of a similar import is Studwell v. Terrett (4 Bosw., 520). The cases cited are directly in point, and in principle analogous to the case at bar. It may, therefore, I think, be assumed that the defendant undertook to pay absolutely upon the completion of the contract and its approval by Lewis. His liability was not made contingent upon the failure of Lewis to pay, but was unqualified. The excavation of the cellars and the erection of the foundation walls were, in point of fact, for the benefit of the defendant, and the written acceptance of the order by the defendant, under the circumstances, may be regarded as an original and not a collateral undertaking upon which the contractors relied in the actual performance of the work under the contract. (See Devlin v. *446 Woodgate, 34 Barb., 252.) In the case of Wilson v. Roberts (5 Bosw., 100), which is cited by the defendant’s counsel, and relied upon as sustaining the doctrine that the contract in question was a contract of guarantee, there was a contract to deliver stone by one Beattie to one Cronk. Cronk agreed ' to pay for the stone by delivering to Beattie certain notes of Roberts, and drew an order on Roberts for said notes, which the latter accepted. It did not appear that Roberts was indebted to Cronk, or bound to advance his notes, or that he had any interest whatever in the contract. Bosworth, Ch. J., delivered the opinion, and it was held that there was no averment in the complaint, nor any proof, that the stone was to be the property of Roberts when furnished; that no consideration was expressed in the order or acceptance and the plaintiff could not recover. The same judge'delivered the opinion in Studwell v. Terrett (4 Bosw., 527, supra), where he cites approvingly Van Wagner v. Terrett (27 Barb., 181), already referred to. It will be seen that the case last cited does not sustain the doctrine that the defendant’s contract was a guarantee, or a collateral undertaking in any respect.
As there was no guarantee the next question to be considered is : What was the effect of the order and acceptance ? By the original contract between Lewis and the defendant, the latter was to pay Lewis $5,000, on or before the first tier of beams were on; and by the contract between Lewis and Gosson & Monahan, the sum of $3,750 was payable at the same time. This provision was modified by the acceptance of the order, and the defendant was to pay $3,750 of the amount payable, when the contract was completed, and approved by Lewis; not beyond the time when the first payment was due. The defendant made Lewis the arbitrator to decide when the work was completed; and his approval and determination was a final settlement of the question. To this extent the contract was altered by the acceptance of the order.
Although the order does not specifically refer to the contract between Lewis and Nichols in terms, yet it does refer *447 to and is made a portion of a contract of Lewis with Gosson & Monahan; and the contract between Lewis and the defendant having been introduced in evidence, it is entirely apparent that the order was to be paid from moneys arising from the fund which was to be realized under the last mentioned contract. The order and acceptance related to the fund, and was an appropriation of the money which was payable by the defendant when that money was actually due. The authorities which hold that the order must specify the fund from which the money is to be paid, to constitute an assignment, are cases where there was no written acceptance of the order. (Watson v. The Duke of Wellington, 1 Russ. & Mylne, 602; Phipps v. Stagg, 2 Edw. Ch., 108; Hutter v. Ellwanger, 4 Lans., 8, 12,13.) The order in this case having been accepted by the defendant in connection with the acceptance, I think operated fer se as an assignment of the fund which the defendant might become liable to pay, within Lowery v. Steward (25 N. Y., 239). (See, also, Parker v. The Cily of Syracuse, 31 N. Y., 376.) But whether it was an assignment or not, it was a promise to pay upon the completion of the work mentioned in the contract alluded to, and upon its approval by Lewis. Nor was the legal effect of the order and acceptance at all dependent upon parol evidence to render it valid. These instruments and the contract constituted an absolute agreement to pay when the contract mentioned was fulfilled and approved, and made the defendant liable, without regard to the question whether there was an assignment; ■which, as we have seen, the authorities hold is peculiarly applicable where there is a question of priority as to the right of creditors to the fund.
The defendant’s counsel urges several objections, upon the assumption that the contract was a contract of guarantee and not an independent contract, and, as I have arrived at the conclusion that it was not a contract of guarantee, it is only necessary to examine such of them as possibly may be applicable to this aspect of the case: 1. As to the extension of the time of completion of the contract, it was assented *448 to by Lewis and the contractors, and the failure of the plaintiff to perform within the time limited in the contract will not prevent a recovery upon the performance after the time specified, if the delay was also assented to by the defendant. There was proof to show that the defendant assented to the prosecution of the work after the time for its completion had expired; that he superintended it; was there sometimes twice a day, and until the walls were completed. He made no objection and conveyed no intimation that the delay did not meet his approval. When there is no willful departure from the terms of the contract, nor any material omission in its essential parts, and the contractor has faithfully performed it in substance, he will not be held to have forfeited his rights by reason of an unimportant or strictly technical omission. A substantial compliance only is required, and if the owner suffers the builder to go on after the time limited has expired, without expressing his disapproval, he waives the forfeiture which he might otherwise have claimed. He was bound to express his dissatisfaction at the delay, and if he intended to take advantage' of it, should have acted with promptness at the time, instead of allowing the contractor to expend time and money in the completion of the work. (Smith v. Gugerty, 4 Barb., 614; Mayor of N. Y. v. Butler, 1 id., 325 ; Sinclair v. Tallmadge, 35 id., 602.)
2. It is insisted that there was a failure of the condition precedent, which required that the first tier of beams should be laid on and leveled up before any payment was to be made. The answer to this position is, that the act of the defendant prevented the laying of the first tier of beams. The walls were ready for them and the defendant was bound to have them laid within a reasonable time. Instead of this, defendant and Lewis canceled the contract by mutual consent on the twelfth of August, and Nichols sold the lots. The defendant thus made it impossible for this to be done, and he is estopped from insisting upon any such condition. (Burtis v. Thompson, 42 N. Y., 246.)
3. It is said that the order was never assigned or transferred to the plaintiff. I do not discover that this point was *449 made upon the trial. If it had been, it might have been obviated by proper proof, and therefore is not important to consider. It may be observed, however, that the order and acceptance were a part of the contract, and with the contract were delivered to the plaintiff, and, I think, passed with the assignment of the contract, which carried every thing relating to it. The order and acceptance were the means of enforcing payment of the demand against the defendant, and a transfer of the contract operated according to law to assign every thing relating to it. (Bolen v. Crosby, 49 N. Y., 183.)
4. The point that the acceptance of the defendant was without consideration, and therefore nudum pactum, is not well taken. It does not appear to have been urged upon the trial. But even if it was, a sufficient consideration appears in the papers upon which the plaintiff’s cause of action is founded. The object of the acceptance was to assure the completion of the work mentioned in the contract, which was quite enough to establish a good consideration.
There is no other question in the case which demands comment, and after a careful examination I am satisfied that the judgment was right and should be affirmed.
Church, Ch. J., concurs; Folger, Rapallo and Andrews, JJ., concur in result.
Judgment affirmed.