ADDISON BRILL and ALBERT N. RUSSELL, Respondents, v. JEROME TUTTLE, Appellant.

*When an order to pay money does not operate as an equitable assignment.*

Ackerman & Son, who were at the time engaged in repairing a house for the defendant, who was then indebted to them to the amount of about $300, gave to plaintiffs the following instrument:

"Mohawk, *August* 31, 1876.

"Jerome Tuttle: Pay Brill and Russell three hundred dollars, and charge the same to our account, for labor and materials performed and furnished in the repairs and alterations of the house in which you reside in the village of Mohawk.
J. P. Ackerman & Son."

*Held,* that this did not constitute an equitable assignment of any money which might be due from the defendant to Ackerman, as there was no specification of any particular fund out of which it was to be paid.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Herkimer Circuit.

*Amos H. Prescott,* for the appellant. The instrument in suit is a bill of exchange, and does not operate as an equitable assignment of the fund. (Chitty on Bills, 55; *Cook* v. *Satterlee,* 6 Cow., 108; *Marine Bank* v. *Jauncy,* 3 Sandf., 260; *Edwards on Bills,* 144; *McLeod* v. *Luce,* 2 Strange, 762; *Hoyt* v. *Lynch,* 3 Sandf., 328; *Pope* v. *Luff,* 5 Hill, 413; *N. Y. & V. Bank* v. *Gibson,* 5 Duer 574; *Cowperthwaite* v. *Sheffield,* 3 N. Y., 243; *Winter* v. *Drury,* 3 Sandf., 230; *Shuttleworth* v. *Bruce,* 7 Robt., 161; *Loonie* v. *Hogan,* 9 N. Y., 435; *Lant & Cook* v. *Bank of North America,* 49 Barb., 221.)

*Thomas Richardson,* for the respondents.

Talcott, P. J.:

This is an appeal from a judgment rendered on a verdict, at the Circuit in Herkimer county.

The action was brought on an instrument in the words and figures following, viz:

"Mohawk, *August* 31st, 1876.

"Jerome Tuttle: Pay Brill and Russell three hundred dollars and charge same to our account, for labor and materials per-

formed and furnished in the repairs and alterations of the house in which you reside in the village of Mohawk.

"J. P. ACKERMAN & SON."

J. P. Ackerman & Son were, at the time of the making of the order, engaged as builders in repairing a house for the defendant; and the proof tended to show that the defendant was indebted to the Ackermans in about the sum specified in the order. The order was presented by the plaintiffs and payment thereof refused, and it appeared on the trial that most of the money due from defendant to the Ackermans had thereafter, as the defendant claimed, been appropriated to the payment of others who had been engaged as laborers in the repairs of the house under his contract with the Ackermans.

On a motion for a nonsuit, the justice before whom the cause was tried, held that the defendant was liable, although it was not shown that he had ever accepted the order or promised to pay it. This was held upon the theory that the order itself constituted an equitable assignment of so much of the money due from the defendant to the Ackermans, as would be sufficient to pay the sum specified in the order. In this ruling, which was duly excepted to by the defendant, we think the learned justice fell into error.

It will be seen that the order does not specify any fund out of which the order is to be paid, nor does it indicate the source from which it is to be derived. It is simply an order for the payment of money generally, with directions to the drawer as to the particular account to which the payment is to be charged by the drawee, and is in all its essentials an inland bill of exchange, payable at all events, and out of no particular fund.

True, the inference naturally arises that the drawers intended to have the order paid out of the money which was or might become due to them from the defendant, "for labor and materials performed and furnished in the repairs and alterations" of his house in Mohawk, but they did not say so.

In *Kelley v. The Mayor of Brooklyn* (4 Hill, 264), where the same question was raised, the order was as follows:

"To the Treasurer of the city of Brooklyn, at the Long Island

Bank : Pay Alexander Lyon or order, fifteen hundred dollars for award No. 7, and charge to Bedford road assessment," etc.

COWEN, J., delivering the opinion of the court in that case, says of the order. " It is payable generally to A. Lyon or order, in cash, and not on the face of the bill either conditional or restricted to any particular fund. The clause " charge to Bedford road," etc., is a mere direction as to the mode of reimbursement. * * * The bill was not on its face restricted to the particular fund arising from the Bedford road transaction, yet for reimbursement the treasurer was directed to charge that fund."

This case of *Kelley* v. *The Mayor, etc.,* is quoted as authority by the majority of the Commission of Appeals in *Shaver* v. *The Western Union Telegraph Co.* (57 N. Y., 463), which is, in principle, like the case at bar, and in which it was also held that an order for money did not operate as an equitable assignment of a fund due, or to become due, from the drawee to the drawer, by reason that it contained the direction, " charge to my salary account." Ordinary drafts and even checks on banks usually contain the direction, " charge to my account," or its equivalent, and it is not material that the particular account to which the charge is to be made be specified.

In the case of *Lett* v. *Meries* (4 Lewinz, 607), cited in *Hall* v. *The City of Buffalo* (1 Keyes, 193), where a builder, who was erecting a house under a contract, gave an order for certain sums to be paid " out of moneys payable to him in the contract," it was held that this constituted an equitable assignment, for the reason that it specified the particular fund out of which the payment was to be made, and therefore was not a bill of exchange.

In the case of *Hutter* v. *Ellwanger* (4 Lans., 8), decided in this department, the order was held not to be a bill of exchange, because payable on a contingency, but JOHNSON, J., in delivering the opinion of the court, says : " In order to constitute an assignment, the order must specify the fund from which it is to be paid," citing, among other cases, the case of *Watson* v. *The Duke of Wellington* (1 Russ & Mylne, 602). In that case the Master of the Rolls said : " I am not at liberty to conjecture what might have been the intention of the parties, except as it is to be collected from the expressions of the letter ; and giving the words

of the letter their natural signification, I cannot there find any agreement, on the part of the Marquis of Hastings, to pay the debt out of this money."

The case of *Ballou* v. *Boland, Impl'd, etc.* (14 Hun, 355), the drawer of the order was a contractor to build a school-house, and he gave to one Boland, a sub-contractor, who did the mason-work, an order on the trustees of the school district to pay $249, " being the · balance due on contract for building the said school-house, the above amount to be paid on the acceptance of the said school-house." The court thought that order was an express assignment of the " balance " due, and that the order operated as an equitable assignment.

The case of *Risley* v. *Indianapolis B. & W. R. R. Co.* (62 N. Y., 240), the order directed the delivery of certain railroad bonds, which order, drawn for value and accepted by the drawee, was held to constitute an equitable assignment of the bonds.

We think that in this case there was no specification of the particular fund out of which the amount specified in the order was to be paid, and no transfer to the payee of any amount due from the drawee, and therefore that the learned justice at the Circuit erred in holding that the order in this case constituted an equitable assignment of any moneys which might be due from the defendant to Ackerman & Son. (See, also, *Hollister* v. *Hopkins*, 13 Hun, 210.)

The judgment should be reversed, and a new trial ordered, costs to abide the event.

Present — TALCOTT, P. J., and SMITH, J.; HARDIN. J., not sitting.

Judgment reversed, and new trial ordered, costs to abide the event.