## MATHER *vs.* PERRY.

In an interview between the plaintiff, the defendant and one H, it was agreed by parol between the three, that H. should do certain work for the defendant for which the plaintiff should pay H. in goods, and that the defendant should pay the amount to the plaintiff in lumber. The work having been done, *held*, in a suit by the plaintiff on the defendant's promise that it was made upon a good consideration and was binding.

*And also* that it need not be in writing within the statute of frauds.

ERROR to Cayuga C. P. Mather sued Perry before a justice; and on a trial by jury the case was this: the defendant wanted one Hewitt to make some machine frames, and to pay Hewitt for them in lumber. Hewitt preferred being paid in goods out of the plaintiff's store. The defendant and Hewitt then went to the plaintiff's store, and it was there agreed between the three that Hewitt should make the machine frames: that when the frames were made, the defendant should pay the plaintiff for making them in hemlock fence boards; and that the plaintiff should pay Hewitt for making the frames in goods. Hewitt, who was the witness to prove the contract, said, in one part of his testimony, that a part of his pay from the plaintiff was to go on what he then owed the plaintiff, and the residue was to be paid in goods. In a subsequent part of his testimony, he said that nothing of this kind was said at the time the contract was completed. Hewitt did the work, and the plaintiff demanded payment, which was refused. The jury found a verdict for the plaintiff for $11, the value of work, for which the justice rendered judgment. On *certiorari* the C. P. reversed the judgment; and the plaintiff now brings error.

*P. G. Clark*, for the plaintiff in error, cited 4 *Cowen*, 432; 9 *id.* 639; 10 *Wend.* 461; 5 *id.* 277; 7 *John.* 463; 8 *id.* 376; 10 *id.* 412.

*Jared M. Smith*, for the defendant in error, cited 20 *Wend.* 201; *Cowen's Tr.* 277, 8; 8 *John.* 253.

Mather *v.* Perry.

*By the Court,* BRONSON, Ch. J.   The defendant makes two objections to the recovery before the justice—first, that his promise was without consideration; and second, that it was a promise to pay the debt of Hewitt, and void within the statute of frauds because it was not in writing.

So far as relates to consideration, the defendant's undertaking can be supported upon two grounds ; first, as a case of mutual promises, where the undertaking of one party is the consideration for the undertaking of the other: and second, as the more simple case of a promise by the defendant to pay for services to be performed at his request.   It only differs from the common case of a promise to pay for services to be rendered on request, in the fact that the payment was to be made to a different man from the one who actually did the labor.   That fact does not affect the question of consideration.   Whether the payment should be made to one man or to another, the defendant promised nothing more than an equivalent for what he was to receive, and what he has in fact received.   If the defendant's promise had been to pay in money instead of boards, I see no reason why the plaintiff might not have recovered on the common count for work, labor and services.   True the plaintiff did not perform the labor with his own hands ; but he performed it by the hands of another—Hewitt—which is the same thing in legal effect.   *Qui facit per alium, facit per se.*   For the purpose of doing this work, Hewitt was the servant or hired man of the plaintiff.

This view of the case is also a full answer to the objection on the statute of frauds.   The plaintiff, by his servant, has made machine frames for the defendant on his promise to pay for them when made.   The defendant did not agree to pay Hewitt's debt to the plaintiff, nor to pay the plaintiff for goods to be delivered to Hewitt; but his engagement was, to pay the plaintiff for work which he, by Hewitt, should do for the defendant.   As between the parties to this suit, it was wholly unimportant whether the plaintiff had paid Hewitt before he did the work, or whether he was to pay him afterwards ; nor was it of any consequence whether Hewitt ever got his pay.

That was a matter between him and the plaintiff; and with which the defendant had no concern.

Upon the defendant's interpretation of the contract he is not obliged to pay any body. He never agreed to pay Hewitt; and his promise to pay the plaintiff was void within the statute of frauds; and so he has got the work for nothing. The law interprets contracts in a much more just and equitable manner. The judgment of the C. P. must be reversed, and that of the justice affirmed.

Ordered accordingly.