Van Wagner *v.* Terrett.

------------------------

## VAN WAGNER *vs.* TERRETT.

On the 27th of March, 1856, J. entered into a written agreement with T. to erect five brick houses on lots which were by the agreement to be sold and conveyed by T. to J. A building loan of $3,500, payable in installments, was to be furnished by T. to J. The first payment of $500 on account of the loan was to be made when the first tier of beams was put upon the buildings and the walls were up all around. The second payment of $500 was to be made when the second tier of beams was put in and the walls were up all around. V. W. furnished J. with materials used in the construction of the houses, and received from J. a draft or order directed to T., by which the latter was requested to pay V. W. or order $350 " when the second tier of beams are on the five brick house to be built &c. as per contract between us dated March 27th, 1856, and charge the same to me, which is to be applied on the second payment." This order was accepted, in general terms, by the drawee. J. abandoned the contract, without having complied with the condition on which the payment of the second $500 depended.

*Held* 1. That the draft or order was not a bill of exchange, it not being for the payment of money absolutely and at all events ; and that the reference to the contract out of which the money was to proceed, and the direction making it applicable to the second payment, must be read in connection with the other parts of the instrument, to ascertain the intention of the parties.

2. That the draft, by its terms, was payable out of the second payment mentioned in the contract of March 27, 1856; and the drawee, by his general acceptance, undertook to pay the money upon the happening of the event, or the performance of the condition, therein referred to ; and that condition never having been performed, that V. W. could not recover of T., in an action upon the instrument.

APPEAL from a judgment entered upon the report of a referee. The complaint alleged that on the 27th day of March, 1856, one Jane E. Jones entered into a certain contract with the defendant, whereby it was among other things, agreed, that the said Jane E. Jones should construct, or cause to be constructed, five brick houses on the north side of Putnam avenue, in the city of Brooklyn, 80 feet or thereabouts, west of Bedford avenue, and that the said Gilbert R. Terrett would, at certain stages in the erection of such buildings, make certain payments or advances to the said Jane E. Jones, and among other payments or advances, should pay or advance to her a sum of $500, or more, when the second tier of beams should be on said houses. And that the said Jane E. Jones thereupon afterwards contracted with the plaintiff for the furnishing certain materials in and about the erection of such houses, of the value of $350, or thereabouts. And to secure the plaintiff in the purchase money, or price of said materials, the said Jane E. Jones drew and delivered to the plaintiff her certain draft or order, directed to the defendant, in the words and figures following:

"*Brooklyn,* 6th May, 1856.

Pay to D. A. Van Wagner, or order, three hundred and fifty dollars when the second tier of beams are on five brick houses, to be built on the north side of Putnam avenue, eighty feet west of Bedford avenue, as per contract between us dated March 27, 1856, and charge the same to me, which is to be applied on the second payment.        JANE E. JONES.

To Gilbert R. Terrett, No. 11 Wall street, N. Y."

And that the plaintiff thereupon presented the said draft or order to the defendant, who accepted the same by writing his name across the same as follows:

"Brooklyn, May 7th, 1856.
Accepted by
G. R. TERRETT."

And redelivered the same, so accepted, to the plaintiff. And that the plaintiff thereupon furnished to the said Jane E.

Van Wagner *v.* Terrett.

Jones, the materials so by him contracted to be furnished. The complaint further alleged that the second tier of beams had for some time been on said houses, and the sum provided by said order to become payable to the plaintiff, had become due and payable, and that the defendant had neglected and refused to pay the same. And the plaintiff asked judgment for the sum of $350 and interest, and costs.

The referee found the facts in reference to the making of the contract between Mrs. Jones and the defendant, and the giving of the order, and the acceptance thereof by the defendant, to be substantially as stated in the complaint. He found, further, that the second tier of beams were on the said five brick houses on the 1st day of July, 1856. That the second payment, $500, was by the said contract to be made when the second tier of beams was on and the walls up all around; that in the month of August, 1856, the said Jane E. Jones wholly failed and neglected to complete the remainder of her part of the contract, and abandoned the same, and by reason thereof, the defendant, on the 23d day of September, 1856, gave notice to the said Jane E. Jones, that he considered and claimed that the contract was at an end and made void, and that any further action on her part, under said contract, would not be permitted by him from that date; and on the same day the defendant served a notice upon the plaintiff, that the said Jane E. Jones had made void the said contract, and that he considered the same terminated from that date, and that he should consider the said order void and not binding as against him.

Upon these facts the referee decided, as matter of law, that the plaintiff was entitled to recover of the defendant $361.71 and costs; and judgment was entered for that sum.

*J. L. Campbell,* for the plaintiff.

*Jos. Neilson,* for the defendant.

*By the Court,* BROWN, J. The instrument in writing, which is the subject of the plaintiff's action, is not a bill of exchange, within the law merchant, because it is not for the payment of money, absolutely and at all events, but its payment depends upon a contingency. (*Chitty on Bills,* 134.) The acceptance by the defendant, Gilbert R. Terrett, is not the guaranty of a debt due from Jane E. Jones, the drawer, to David H. Van Wagner, the payee, because the relation of principal and surety did not exist at the time the draft was accepted, and is not created thereby. No question, therefore, arises, under the statute of frauds, in regard to the validity of Terrett's promise, or in regard to the want of any consideration expressed upon the face of the instrument which contains the promise. (*Johnson* v. *Gilbert,* 4 *Hill,* 178. *Mather* v. *Perry,* 2 *Denio,* 162.) The promise of the defendant is an original undertaking, and being executory, a consideration may be proved by extrinsic evidence. (*Cowen & Hill's Notes,* 1473, *and cases there cited.*) I now propose to consider, briefly, the nature of the defendant's undertaking, and its legal effect.

By an agreement in writing, bearing date the 27th of March, 1856, Jane E. Jones, the person who drew the draft, entered into a contract with the defendant to erect five brick houses, on the north side of Putnam avenue in the city of Brooklyn, upon lots which were, by the contract, to be sold and conveyed by Terrett to Mrs. Jones. He was to furnish her with a building loan of $3500, payable by installments, as the buildings progressed, to secure the payment of which loan, together with the purchase money for the lots, he was to have certain bonds and mortgages, particularly described in the agreement. By the terms of the agreement, the first payment of $500, on account of the loan, was to be made by the defendant, to Mrs. Jones, when the first tier of beams was put upon the buildings, and the walls were up all around. The second payment of $500 was to be paid by him, to Mrs. Jones, when the second tier of beams was put upon the buildings, and the walls were put up all around.

The time and manner of making other payments are not material to the present inquiry. The plaintiff furnished Mrs. Jones with materials used in the construction of the houses, and received from her the draft or order in controversy. It is dated on the 6th of May, 1856, and was directed to and presented to the defendant, on the 7th May, who signified his acceptance by writing over the face thereof, "Brooklyn, May 7th, 1856, accepted, G. R. Terrett." It directs the drawee to "pay D. H. Van Wagner, or order, $350 when the second tier of beams are on the five brick houses to be built on the north side of Putnam avenue, eighty feet west of Bedford avenue, as per contract between us, dated March 27th, 1856, and charge the same to me, which is to be applied to the second payment." It appeared by the proof, that on the 1st of July, 1856, before this action was commenced, the partition and the end walls of the buildings were put up, and the second tier of beams were also on the buildings, but the front and rear walls were no higher than the top of the basement story, and that Mrs. Jones failed to execute the contract any further, but abandoned the same in the month of August following. Here we have the real question to be determined. If the money mentioned in the draft became payable when the second tier of beams were on the building, irrespective of the condition of the walls, then the plaintiff is entitled to recover, and the judgment must stand. But if, in addition thereto, the walls of the buildings were also to be put up all around, so as to conform to the requisitions of the contract, then the condition upon which the money was to become payable has not been performed, the plaintiff has no claim to recover, and the judgment must be reversed.

The draft is very particular and specific in its direction, and means a great deal more than a mere request to pay over the specified sum of money. Mrs. Jones had no money in the hands of Terrett subject to her draft, nor did she expect to have any, except the second payment that would

become due to her under the contract. If she had drawn without a design to appropriate the particular fund, and in the hope that Terrett would accept in any event, no reference would have been made to the contract, or to any of the payments which might become due under it, because none would have been necessary. But by referring to the contract by its subject and date, and appointing the time for the payment of the money "when the second tier of beams are on the buildings, as per contract," and then directing the amount to be applied on the second payment, she signifies the clearest intention to make the money payable out of the second payment, whenever it became due and payable according to the terms of the contract. By his acceptance, in general terms, upon the face of the paper, the defendant undertook to pay the money upon the happening of the event or the performance of the condition therein referred to. I attach no great force or efficacy to the words "as per contract," because we are to look at the relation which the drawer and acceptor maintained towards each other, the objects which they had in view, as well as the scope and tenor of the instrument, for the purpose of ascertaining their intention.

The counsel for the plaintiff insists that the contract between Mrs. Jones and the defendant is referred to in the draft merely to designate the particular account to which the money, when paid, was to be charged. And he refers to *Kelley* v. *The Mayor of Brooklyn,* (4 *Hill,* 265.) There the draft was for $1500, payable absolutely, with a direction to charge to the Bedford road assessment. The court held the instrument to be an ordinary bill of exchange, and the clause "charge to the Bedford road assessment," a mere direction as to the mode of reimbursement. In the present case the paper is not a bill of exchange, and the reference to the contract out of which the money was to proceed, and the direction making it applicable to the second payment, must be read in connection with the other parts of the instrument, to ascertain the intention of the parties. I am, accordingly, of

opinion that the draft, by its terms, was payable out of the second payment mentioned in the contract of the 27th March, 1856, and the condition upon which the defendant's obligation to make that payment depended, never having been performed, that the plaintiff *cannot recover in this action.*

The judgment should be reversed, and a new trial at the circuit granted, with costs to abide the event.

[DUTCHESS GENERAL TERM, May 11, 1858. *Brown, S. B. Strong* and *Emott,* Justices.]