When the plaintiff was recalled, his examination was limited, by the referee, to testimony strictly rebutting; and, the testimony he gave, not being of that character, the referee struck it out. The calling of the plaintiff, under such circumstances, afforded no ground for a re-examination of the defendant; and, as respects the general right to recall the defendant at that stage of the case, it was a matter resting entirely in the discretion of the referee. The report should be sustained.

Judgment affirmed.

---

BENJAMIN M. STILWELL AND SHUBAL E. SWAIN v. JOSEPH M. OTIS AND PIERSON M. OTIS.

S., a practicing attorney, drew an assignment for the benefit of creditors, in which O. & Co. were preferred. Upon the application of O. & Co., the assignee transferred the entire assigned property to them in payment of their claim, they agreeing to pay S.'s charge for drawing the assignment.

*Held*, that the promise was not within the Statute of Frauds, and was not required to be in writing. It was an original undertaking in consideration of the immediate transfer of all the assigned property.

The liability of the assignee for the same debt did not affect the obligation thus entered into.

APPEAL by defendants from a judgment of the Second District Court. The facts are fully stated in the opinion of the court.

*J. C. Dimmick*, for the appellants.

*John B. Scoles*, for the respondents.

By the Court, HILTON, J.—The plaintiffs are practicing law
yers, and bring this action to recover the value of their services
in drawing an assignment for the benefit of creditors, executed
by James Honiwell to John Honiwell, and in which the defend-
ants were preferred for the amount owing them by the assignor.

It appears that, after the assignment had been executed and
delivered, the defendants proposed to the assignee to transfer all
the assigned property to them, in payment of their preferred debt.
This offer was made in the presence of the plaintiffs, who acted
as counsel for the assignee, and it was objected to, on the ground
that its acceptance would leave no property or funds in the as-
signee's hands wherewith to pay the plaintiffs' charges for draw-
ing the assignment, &c.  The defendants then agreed to pay such
charges, and the agreement was afterwards consummated by the
assignee delivering to them all the assigned property.

Apart from the plaintiffs' evidence on the trial, these facts
appear from the testimony of the defendant P. M. Otis, who, after
detailing the several interviews which led to this agreement, adds,
" I said we would pay the costs of drawing the papers.  This was
brought about by Mr. Swain.  He asked who would pay the
expenses.  The assignee said he would have nothing to pay with.
I supposed it was the best way to assume the thing, thinking it
would only be $20 or $25.  The bill of sale was executed, I
think, the following day."  And, again, "When Mr. Swain spoke
of the payment of the expenses of the assignment, I did not ask
him the amount of his bill; I supposed we would have to pay a
reasonable bill."

The jury, by their verdict, found that $50 was a reasonable
charge for the services of the plaintiffs, and for that amount, with
costs, judgment was rendered.

It is quite obvious that the agreement of the defendants to pay
this debt was not such as is required by the Statute of Frauds to
be in writing.  It was an original undertaking on their part, in

consideration of the assignee immediately transferring to them all the assigned property, that they would pay the plaintiffs' charges for drawing the assignment.

It was a condition of the transfer that they should pay this debt, and the liability of the assignee for the same debt does not at all affect the character or extent of the defendants' obligation. *Leonard* v. *Vredenburgh*, 8 John. 29; *Skelton* v. *Brewster*, Id. 376; *Mather* v. *Perry*, 2 Denio, 162; *Barker* v. *Bucklin*, Id. 45; *Delaware and Hudson Canal Co.* v. *Westchester Co. Bank*, 4 Id. 97; *Mercein* v. *Andrus*, 10 Wend. 461; *Ellwood* v. *Monk*, 5 Id. 235; *Blunt* v. *Boyd*, 3 Barb. S. C. 211; *Cailleux* v. *Hall*, 1 E. D. Smith, 5.

Judgment affirmed.