Millek, J. The
 

 first question which demands consideration in this case, is as to the effect and nature of the acceptance of the order or draft drawn by Lewis upon the defendant. The draft was drawn in favor of Gosson and Monohon; who had agreed to perform a certain portion of the work which Lewis had entered into a contract with the defendant to perform in the erection of certain buildings upon the land of the defendant. The order was drawn at the end of the contract of Lewis with Gosson and Monohon, for the amount to be paid to them “on the completion of the above contract when approved by me.” The counsel for the defendant claims, that the contract created by the acceptance, if valid, was collateral to an original contract on the part of Lewis ; a promise to pay the debt of another, and therefore a contract of suretyship or guaranty, and hence within the statute of frauds.
 

 A guaranty is defined by the elementary writers to be a promise to answer for the payment of some debt oi
 
 *339
 
 performance of some duty, in the case of the failure of another person, who in the first instance is liable for such payment or performance
 
 (Fell on Guaranty and Suretyship,
 
 1, 3;
 
 Kent Oom.,
 
 121); it is a contract which is frequently made in reference to commercial transactions, and when applied to commercial paper bears some analogy to that of an endorser. When made, the guaranty is usually incorporated in the agreement, thus expressing the actual nature of the contract. When this is done, the purpose of the obligation is plain and distinct. In the case at bar, the term guaranty was not employed, but the defendant accepted the order of Lewis, which was virtually an agreement to pay the same when the amount therein mentioned became due. If it had been an ordinary draft in the usual form, the acceptor of the same no doubt would have been liable upon his acceptance as it was drawn, referring to a contract which had previously been entered into. I think the order and acceptance must be considered in connection with the contract to which it related, and of which it is fairly to be assumed it constituted a part. They must be construed together as relating to one entire transaction.
 

 The case shows that the defendant had made a contract with Lewis for the erection of certain buildings upon land which the defendant owned, and which he was to convey to Lewis after the buildings were completed. The defendant making advances to him as provided in the contract, Lewis contracted with G-osson and Monohon to excavate the cellars, and build the cellar walls, and made the order for the amount of the contract upon the defendant, who accepted the same upon the conditions stated in the acceptance.
 

 This constituted the entire arrangement, and I am unable to discover any valid ground upon which it can be claimed, that the acceptance of the defendant was a
 
 *340
 
 contract of suretyship. The defendant did not expressly agree to pay if Lewis did not; nor was the instrument signed of a character in which he might be considered as a surety of an original undertaking. An acceptance is an assent or agreement to comply with the request or order contained in. the bill, or in other words, an assent or agreement to pay the bill according to the tenor of the acceptance when due (1 Parsons,
 
 Notes and
 
 Bills, SSI), and the defendant by this agreement bound himself to pay the amount specified upon the completion of the contract when approved by Lewis. This was an independent contract, and constituted the defendant a party to the contract made by Lewis, for the excavation of the cellars and the building of the cellar walls. It was not an undertaking to answer for the debt, default or miscarriage of another; but an absolute agreement for performance on his part.
 

 In Van Wagner v. Terrett (27
 
 Barb.,
 
 181), an agreement was entered into for the erection of certain buildings, and a draft was drawn by the contractor upon the defendant, who had entered into the contract with the builder, for the payment of a sum of money as per contract and to be applied on the second payment,, which draft was accepted by the defendant, and it was held that the draft was not a bill of exchange, because it was not for the payment of money absolutely, and at all events that the acceptance was not a guaranty, because the relation of the principal and surety did not exist at the time the draft was accepted, and it was not created thereby, and that the promise was an original undertaking. Of a simular import is Studwell
 
 v.
 
 Terrett (4
 
 Bosw.,
 
 527). The cases cited are directly in point, and in principle analagous to the case at bar.
 

 It may therefore, I think, be assumed that the defendant undertook to pay absolutely upon the completion of the contract and its approval by Lewis; his liability was not made contingent upon the failure of
 
 *341
 
 Lewis to pay, but was unqualified. The excavation of the cellars and the erection of the foundation walls were in point of fact for the benefit of the defendant, and the written acceptance of the order by the defendant under the circumstances may be regarded as an original, and not as a collateral undertaking upon which the contractors relied in the actual performance of the work under the contract (See Delvin
 
 v.
 
 Woodgate, 34
 
 Barb., 252).
 
 In the case of Wilson
 
 v.
 
 Roberts (5
 
 Bosw.,
 
 100), which is cited by the defendant’s counsel and relied upon as sustaining the doctrine that the contract in question was a contract of guaranty. There was a contract to deliver stone by one Beattie to one Cronk. Cronk agreed to pay for the stone by delivering to Beattie certain notes of Roberts, and drew an order on Roberts for said notes, which the latter accepted. It did not appear that Roberts was indebted to Cronk or bound to advance his note, or that he had any interest whatever in the contract. Bosworth, Ch. J., delivered the opinion, and it was held that there was no averment in the complaint, nor any proof that the stone was to be the property of Roberts when furnished ; that no consideration was expressed in the order or acceptance, and the plaintiff could not recover. The same judge delivered the opinion in Studwell
 
 v.
 
 Terrett (4
 
 Bosw., 527), supra,
 
 where he cites approvingly Van Wagner
 
 v.
 
 Terrett (27
 
 Barb.,
 
 181), already referred to. It will be seen that the case relied upon does not sustain the doctrine that the defendant’s contract was a guaranty or a collateral undertaking in any respect.
 

 As there was no guaranty, the next question to be considered is what was the effect of the order and acceptance. By the original contract between Lewis and the defendant, the latter was to pay Lewis five thous- and dollars on or before the first tier of beams were on. By the contract between Lewis and Monohon, the sum
 
 *342
 
 of three thousand seven hundred and fifty dollars was payable at the same time. This provision was modified by the acceptance of the order, and the defendant was to pay three thousand seven hundred and fifty dollars of the amount payable when the contract was completed and approved by Lewis, not beyond the time when the first payment was due. The defendant made Lewis the arbitrator to decide when the work was completed, and his approval and determination was a final settlement of the question. To this extent the contract was altered by the acceptance of the order.
 

 Although the order does not specifically refer to the contract between Lewis and Nichols in terms, yet it does refer to and is made a portion of a contract of Lewis with Cosson and Monohon, and the contract between Lewis and the defendant having been introduced in evidence, it is entirely apparent that the order was to be paid from the money arising from the funds which was to be realized under the last mentioned contract. The order and acceptance related to the funds, and was an appropriation of the money which was payable by the defendant when that money was actually due. The authorities which hold that the order must specify the fund from which the money is to be paid to constitute an assignment, are cases where there was no written acceptance of the order (Watson
 
 v.
 
 The Duke of Wellington, 1
 
 Russ.
 
 &
 
 Mylne,
 
 602; Philips
 
 v.
 
 Stagg, 2
 
 Edw. Ch.
 
 188 ; Hotter
 
 v.
 
 Ellwanger, 4
 
 Lans.,
 
 8, 12, 13).
 

 The order in this case having been accepted by the defendant in connection with the acceptance, I think operated
 
 per se
 
 as an assignment of the fund which the defendant might become liable to pay within Lowrey v. Steward (25
 
 N.
 
 Y, 239); See also Parker v. City of Syracuse (31
 
 Id.,
 
 376).
 

 But whether it was an assignment or not, it was a promise to pay upon the completion of the work men
 
 *343
 
 tioned in the contract alluded to, and upon its approval by Lewis. Nor was the legal effect of the order and acceptance at all dependent on parol evidence to render it valid. These instruments and the contract constituted an absolute contract to pay when the contract mentioned was fulfilled and approved, and made the defendant liable without regard to the question whether there was an assignment, which, as we have seen, the authorities hold is peculiarly applicable, when there is a question of priority as to the right of creditors to the funds.
 

 The defendant’s counsel urges several objections, upon the assumption that the contract was a contract of guaranty and not an independent contract, and as I have arrived at the conclusion that it was not a contract of guaranty, it is only necessary to examine such of them as possibly may be applicable to this aspect of the case.
 

 1. As to the extention of the time of completion of the contract,—it was assented to by Lewis and the contractor, and the failure of the plaintiff to perform within the time limited in the contract will not prevent a recovery upon the performance after the time specified, if the delay was assented to by the defendant. There was proof to show that the defendant assented to the prosecution of the work after the time for its completion had expired; that he superintended it; was there sometimes twice a day ; and until the walls were completed he made no objection and conveyed no intimation that the delay did not meet his approval. When there is no willful departure from the terms of the contract, nor any material omission in its essential parts, and the contractor has faithfully performed it in substance, he will not be held to have forfeited his rights by reason of an unimportant or strictly technical omission. A substantia] compliance is only required, and if the owner suffers the builder to go on after the time limited has expired, without expressing his disappro
 
 *344
 
 val, he waives the forfeiture which he might otherwise have claimed. He was bound to express his dissatisfaction at the delay, and if he had intended to take advantage of it, should have acted with promptness at the time, instead of allowing the contractor to expend time and money in the completion of the work (Smith v. Gugerty, 4
 
 Barb.,
 
 614; Mayor of New York
 
 v.
 
 Butler, 1
 
 Id.,
 
 325 ; Sinclair
 
 v.
 
 Tallmadge, 35
 
 Id.,
 
 602).
 

 2. It is insisted that there was a failure of the condition precedent, which requires that the first tier of beams should be laid on and levelled up before any payment was to be made. The answer to this position is, that the act of the defendant prevented the laying of the first tier of beams. The walls were ready for them, and the defendant was bound to have them laid within a reasonable' time. Instead of this, defendant Lewis cancelled the contract by mutual consent on August 12, and Hichols sold the lots. The defendant thus made it impossible for this to be done, and he is estopped from insisting upon any such condition (Burtis
 
 v.
 
 Thompson, 42 N.
 
 Y.,
 
 246).
 

 3. It is said that the order was never assigned or transferred
 
 to
 
 the plaintiff. I do not discover that this point was made upon the trial. If it had been, it may have been obviated by proper proof, and therefore it is not important to consider. It may be observed the order and acceptance were a part of the contract, and with the contract were delivered to the plaintiff, and, I think, passed with the assignment of the contract, which carried everything relating
 
 to
 
 it. The order and acceptance were the means of enforcing payment of the demands against the defendant, and a transfer of the contract operated according to law to assign every-' thing relating to it (See Bolen
 
 v.
 
 Crosby, 49 N.
 
 Y.,
 
 183, 184).
 

 The point that the acceptance of the defendant was without consideration and therefore
 
 nudum pactum
 
 is
 
 *345
 
 not well taken. It does not appear to have been urged upon the trial. But even if it was, a sufficient consideration appears in the papers upon which the plaintiff’s cause of action is founded. The object of the acceptance was to assure the completion of the work memtioned in the contract, which was quite enough to establish a good consideration.
 

 There is no other question in the case which demands comment, and after a careful examination I am satisfied that the judgment was right, and should be affirmed.
 

 Church, Oh. J., concurred.
 

 Folger, Rapadlo, and Andrews, JJ., concurred in result.
 

 Allen and Grover, JJ., absent.