PHILIP BRADY, Respondent, v. THE MAYOR, ALDER-MEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*Reletting of a contract for work after the default of the first contractor — it relieves the first contractor from liability to a penalty for subsequent delay in the completion of the work.*

A contract was entered into between the defendant and the plaintiff's assignor containing a provision that under certain contingencies the defendant might direct the plaintiff to discontinue any further work under the contract, and that the defendant might proceed and complete the work or relet it to another and charge any excess of the expense of so doing to the original contractor. It also provided that the work should be done within a certain number of days, and that the defendant might retain the sum of fifteen dollars out of any moneys falling due to the contractor for each day thereafter during which the work should not be completed. The original contractor (the plaintiff's assignor) performed work under the contract up to January, 1884, when the contract was terminated by the defendant, and thereafter, and on May 20, 1884, another contract for the completion of the work was made with another contractor.

In an action brought by the plaintiff, as assignee of the original contractor, to recover an amount alleged to be due under the original contract, the defendant interposed a counter-claim for fifteen dollars for each day consumed by the original contractor, and the contractor acting under the second contract of May 20, 1884, in excess of the number of days fixed in the original contract for the completion of the work.

*Held*, that the court below properly disallowed such counter-claim and directed a verdict for the plaintiff, without regard to the defendant's claim for damages under the original contract.

Appeal from a judgment in favor of the plaintiff, entered upon a verdict directed by the court.

*E. Henry Lacombe* and *D. J. Dean,* for the appellant.

*L. Laflin Kellogg,* for the respondent.

Potter, J. :

This is an appeal from a judgment entered upon a verdict directed by the justice at circuit, for the sum of $4,730.77. The controversy arose out of a contract between the defendant and plaintiff's assignor in relation to regulating and grading, etc., One Hundred and Twelfth street, between Seventh and Eighth avenues, in the city of New York. It appeared, from the evidence upon the trial, that the contract between the parties, among numerous provisions and stipulations, contained a provision that in any or all of several contingencies the defendant should have the power to direct the plaintiff to discontinue any further work under said contract, and for the defendant thereafter to proceed and complete the work, or to relet the work to another, and to charge any excess of the expense of so doing to the original contractor and to deduct the same out of any moneys that then or thereafter might be due to the contractor under the original agreement. The original contractor performed work under the contract from the date of the contract, October 23, 1882, till some time in January, 1884, when the contract was terminated by the defendant, and thereafter, on the 20th of May, 1884, another contract for the completion of the work was entered into between the defendant and Patrick Farley, pursuant to the original contract for that purpose, and the work was completed by the latter under the new contract. It was also agreed that the contractor should complete the work in 275 days, besides certain specified days not to be computed ; and further, that the said party of the second part hereby further agrees that the said parties of the first part shall be and they are hereby authorized to deduct and retain out of the moneys which may be due or become due to the said party of the second part under this agreement, as damages for the non-completion of the work aforesaid within the time stipulated for its completion, the sum which shall accrue and become due for the inspectors wages, for the time not hereinbefore

excepted, after the expiration of the time stipulated for the completion of the work.

The contract contains other provisions in relation to damages for violation of the contract by the contractor and allowing the defendant to retain the same out of moneys due or to grow due under the contract. There is also this provision in the contract, to wit, that "the said party of the second part hereby further agrees that the said parties of the first part shall be and they are hereby authorized to deduct and retain out of the moneys which may be due or become due to said party of the second part under this agreement, as damages for the non-completion of the work aforesaid within the time hereinbefore stipulated for its completion, the sum of fifteen dollars for each and every day the aggregate time of all the inspectors employed upon said work may exceed the said stipulated time for its completion."

Upon the trial the defendant sought to be allowed in reduction of the plaintiff's claim, the amount of the damages at the rate specified in that provision of the contract, viz., fifteen dollars a day for the number of days employed upon the work beyond the number specified in the contract for the completion of the work. These damages the defendant claimed should be allowed without other proof than the fact that the contract was not completed within the time specified for that purpose in the original contract.

The learned justice overruled the defendant's contention and directed a verdict for plaintiff, regardless of any claim for damages under the provision of the contract. Was the direction of the trial judge in this regard erroneous? From the general structure and provisions of the contract under consideration it is pretty plain that while the plaintiff's assignor was to undertake the performance of the contract and to complete it in a specified time and manner, yet the defendant had the right in certain contingencies to annul the contract and complete it or to let it to another to complete. The defendant chose the latter and let the work to another under a new contract containing other and different provisions, notably as to the prices of the work, and as to the time within which the work was to be completed. The defendant having annulled the original contract as it had the unquestionable right to do, the plaintiff's assignor had no further right to continue the work under that contract.

None of the provisions of the contract thus annulled herein were in force or operative upon the parties to it, except such of them as were kept in life by the express terms of the old contract after the new one was made by the defendant, for the completion of the work. These were, that if the defendant got the work completed for less than it had contracted to pay plaintiff's assignor for it, he should receive the difference, and if the defendant had to pay more for its completion than it had contracted to pay plaintiff's assignor, he should pay the defendant the difference. This was a fair and equable arrangement as it provided that the work should be ultimately performed and that the parties should respectively pay and receive just what had been contracted for and all the other incidents of the original contract as means to that end, were dispensed with by the new contract. I think the provisions in regard to paying fifteen dollars a day, under the contract between John Brady and the defendant, had been annulled by the adoption of the new in place of the original contract.

This construction of the two contracts is fully shown in the fact that in making the new contract with Farley the defendant agreed upon another and much extended period of time, viz., 200 days in which Farley was to complete the work. Can it be that the defendant can rightfully insist that Brady shall pay damages for delay in completing a contract which the defendant has taken away from him and let to another with a stipulated extension of time for its performance? The claim is not only for damages from the delay attending Brady's partial performance but it is also for the delay which the defendant expressly gave Farley for the performance of the unfinished portion of Brady's contract. It has generally been regarded as a complete answer to a cause of action for breach of contract, that the party thus complaining rendered it impossible for the other party to perform it. (*Gallagher* v. *Nichols*, 60 N. Y., 438.) But the defendant's contention exceeds this by a considerable ; for it not only took the contract away from Brady but let it to another and gave that other an express extension of time in which to perform it.

Let us trace the working of this principle a little in another direction. Under the contract the defendant had the right to cancel it and to finish the work itself, charging Brady with any excess in the expense of doing it. Could it also recover of Brady

fifteen dollars for its own delay in completing the work? I apprehend the law applicable to this class of contracts is this: That where one party to a contract has broken it in some material part, the other party to the contract may treat it as null and go on and complete the contract; or he may repair the breach by doing what is omitted or defectively done and charge the expense of it over to the defaulting party. If he takes the former course the contract is at an end and the party cannot recover any damages beyond those sustained when the contract was rescinded. If he take the latter course, he may recover any legitimate damage during the performance of the residue of the work. (*Crawford* v. *Becker*, 13 Hun, 375; *Murphy* v. *Buckman*, 66 N. Y., 297–300.) Entertaining these views I am satisfied that the direction given by the trial court to render a verdict for the plaintiff, taking no account of the fifteen dollars a day clause, was correct, and I do not deem it necessary or useful to go through the numerous and differing cases to be found upon the question, to decide whether that clause imports a penalty or liquidated damages, especially as we are referred to a case by appellant's counsel (*Reilly, Extrx.*, v. *The Mayor, etc.*, 34 Hun, 628), in the General Term of this department, holding that this clause in a contract, like the one under consideration, imports liquidated damages and not a penalty. Except for that case my first impression would incline my judgment to the opposite conclusion.

Judgment should be affirmed, with costs.

LAWRENCE, J., concurred; VAN BRUNT, P. J., not sitting.

Judgment affirmed, with costs.