AMELIA E. LAUER AND HENRY HAUCK, APPELLANTS, v. BERNARD DUNN, RESPONDENT.

*Building contract — clause providing for an extension of time of payment on the filing of liens.*

By a contract, entered into between the defendant and William Herle, the latter agreed to construct a dwelling-house for the defendant at a price stated therein, eighty per cent thereof to be paid in installments, the remaining twenty per cent within thirty days after the final completion of the work. The contract contained a provision " that in case any lien or liens for labor or material, or for damages to persons or property, shall exist upon the property of the party of the second part at the time or times when, by the foregoing terms or provisions of this agreement, a. payment is to be made, such payment, or such part thereof, as shall be equal to not less than double the amount of or for which such lien or liens shall or can exist, shall not be payable at the said stipulated times, notwithstanding anything in this agreement to the contrary contained."

On April 18, 1888, the house having been completed and $750 of the contract-price remaining unpaid, Herle drew an order upon the defendant directing him to pay the sum of $700 to the plaintiffs, to whom Herle was indebted in the sum of $832 for work, labor and materials furnished by them as sub-contractors, and to charge the same to the contract, the defendant being notified of the delivery of the order on the same day. On April twenty-third, other parties, who were also sub-contractors, instituted proceedings to secure liens upon the property under the mechanics' lien law.

In an action, brought by the plaintiffs upon the order, which was not commenced until more than thirty days had elapsed after the completion of the building, the defense was interposed that the action had been prematurely commenced, and that the sum claimed was not then due by reason of the provision of the contract authorizing double the amount of any liens to be withheld.

*Held,* that the order operated as an assignment *pro tanto* of the amount unpaid by the defendant to Herle.

That the contract authorized the defendant to withhold no greater sum than double the amount of the lien from the amount owing to Herle at the time when the lien was filed.

That at the time when the liens were filed the sum represented by the order was not owing to Herle or subject to be withheld under the terms of the contract.

That Herle, the drawer of the order, had an unqualified right, acting in good faith, to assign the whole or any part of the debt owing to him by the defendant, who became, after he was notified of the fact of such assignment, a debtor of the assignee, and thereafter no lien could be placed on his property that could defeat the assignee's right to the money, nor could a payment of the same be enforced from the defendant by such subsequent lienors.

That the filing of liens by third parties did not have the effect to postpone the time of payment of the part of the debt transferred to the plaintiffs by the order.

It was shown that the plaintiffs filed a notice with the county clerk on the same day as the other lienors did, by which it appeared that the amount of their claim was $700; that it existed against Herle and the defendant, and that the same became due to them as sub-contractors for labor and material supplied in the construction of the building. It also appeared that they had a demand as sub-contractors against Herle after applying the amount of the order upon the indebtedness.

*Held*, that the provision of the contract allowing the defendant to withhold the payment of a portion of the money, due from him to the contractors, in case a lien should be created, did not apply to a lien to secure a debt which the builder himself might have against the defendant, and that the provisions of the contract on that subject related wholly to liens created to secure claimants who were not parties to the agreement.

That if it could be held that the lien created by the action of the plaintiffs embraced the debt owing by the defendant to the plaintiffs, by reason of the order drawn by Herle on the defendant, the defendant could not defeat this action upon the ground that the debt sued for was not due and payable.

Appeal from a judgment of the Monroe County Court, entered in the office of the clerk of the county of Monroe on the 24th day of October, 1888, and from an order made upon the minutes of the judge presiding at the trial granting a motion to set aside the verdict and granting a new trial upon the exceptions, and, also, upon the ground that the verdict was contrary to the evidence and law, which was dated the 25th day of September, 1888.

William Herle and the defendant entered into an agreement, in writing, whereby Herle, as builder, agreed to erect, construct and complete a dwelling-house for the defendant, at the price of $11,565, eighty per cent to be paid in installments on the architect's certificate, as the work progressed, the remaining twenty per cent within thirty days after the final completion of the work and its acceptance by the architect. There was due Herle $750 on the completion of the building. The contract contained the following stipulation, viz.: " It is further understood and agreed by and between the parties hereto, that in case any lien or liens for labor or material, or for damages to persons or property, shall exist upon the property of the party of the second part at the time or times when by the foregoing terms or provisions of this agreement a payment is to be made, such payment or such part thereof as shall be equal to not less than double the amount of or for which such lien or liens shall or can exist, shall not be payable at the said stipulated times,

notwithstanding anything in this agreement to the contrary contained."

The house was completed on the 18th day of April, 1888, and at that time Herle, the builder, was indebted to the plaintiffs in the sum of $832, for work and labor and materials furnished by them as sub-contractors. On the next day Herle drew an order upon the defendant in this form, viz. :

"ROCHESTER, N. Y., *April* 19, 1888.

" Mr. B. DUNN :

" Please pay A. E. Lauer & Co., seven hundred dollars and charge to contract, and oblige    " WILLIAM HERLE."

On the same day the defendant was notified of the delivery of the order, and he had negotiations with the payees concerning its payment, but did not accept the same. On the twenty-third day of April, third parties, who were also sub-contractors under Herle, and to whom he was indebted for work and labor and material by them furnished in the construction of the house, instituted proceedings to secure liens upon the property under the mechanic's lien law, applicable to the city of Rochester, the aggregate amount of their claims being more than $750. This action was founded upon the order and was not commenced until more than thirty days had elapsed after the completion of the building.

*Garlock & Beach,* for the appellants.

*Walter S. Hubbell,* for the respondent.

BARKER, P. J. :

The real question in this case is, was the action prematurely commenced ? That the defendant was indebted to the plaintiffs in the sum of of $700, the amount mentioned in the order, was established by the undisputed facts of the case. The contract for building the defendant's house was completed by the contractor on the 18th day of April, 1888, and there was then a balance of $750 unpaid thereon, as the defendant admits, which, by the terms thereof, became due at the expiration of thirty days after the completion of the building. This action was not commenced until after such balance became due and payable, as provided by that term of the agreement.

## 194 LAUER v. DUNN.

The plaintiff's title to the said sum of $700 is based on the order, which was made and delivered to them by the drawer on the nineteenth day of April, of which the defendant had immediate notice. At that time the drawer owed the plaintiffs, the payees named in the order, more than the sum for which the order was drawn, for work and labor done by them on the building as sub-contractors. There is no room for doubt but that the drawer and the payee intended that on payment of the order the same should apply on the debt which the former owed the latter. No question has been raised before us to the contrary. The rule is now well-settled that when, for a valuable consideration from the payee, an order is drawn upon a third party, and made payable out of a particular fund then due from him to the drawer, the delivery of the order to the payee operates as an assignment *pro tanto* of the fund, and the drawee is bound, after notice of such assignment, to apply the fund as it accrues to the payment of the order, and to no other purpose; and the payee may by action compel such appropriation. The rule, as thus stated, was formulated from the previous decisions in this State by Mr. Justice RAPALLO, in *Brill* v. *Tuttle* (81 N. Y., 454), and its accuracy has not been questioned by the learned counsel for the defendant. (See, also, *The Throop Grain Cleaner Co.* v. *Smith*, 110 N. Y., 83.) It sometimes becomes a doubtful question as to the intention of the parties to the order by reason of the form of the same, together with the state of the accounts between the drawer and the drawee; and when their intention is left in doubt, a mixed question of law and fact arises, to be determined by the jury, with proper instruction from the court. On the argument of this appeal the defendants' counsel did not contend, nor was the question presented on the trial, in any form, that it was not the purpose of the drawer to transfer to the payees a portion of the debt due him from the defendant equal to the sum named in the order. The owner of an entire debt has the right to sell and assign a part of it without the consent of his debtor so as to vest in the assignee a right to proceed in his own name for the recovery of the portion of the debt transferred. The debtor cannot bar a defense to a recovery upon the objection that a transfer of a part of an entire debt might subject him to several actions to enforce the payment of a single obligation, for he may demand the bringing in of all

interested parties, if the protection of his rights should require it. (*Risley* v. *The Phœnix Bank of the City of New York*, 83 N. Y., 318.) As we understand the position of the defendants, it is this: That the sum remaining unpaid upon the contract at the time of the completion of the building was extended beyond the thirty days mentioned in the contract for its payment, and was not due at the time of the commencement of this action, by force of the provisions of the contract, which provides that the payment of a sum may be withheld by him equal to not less than double the amount for which a lien or liens shall exist at the expiration of the said thirty days. It is conceded, for the purposes of this appeal, that certain liens were placed on the property by third parties who were creditors of the builder before the said balance of $750 became due and payable, and that the sums owing the lienors by the builder were more than the aggregate of the sum remaining unpaid. But neither of the proceedings were instituted by the lienors until four days after the said order was delivered to the plaintiff and notice thereof given to the defendant. The drawer of the order had the unqualified right, acting in good faith, to assign and transfer the whole or any part of the debt owing him by the defendant on the building contract; and after the defendant became notified of the fact he became a debtor to the payees, and thereafter no lien could be placed on his property that could defeat the payees' right to the money; nor could a payment of the same be enforced from the defendant by the lienors. Deducting from the sum unpaid by the defendant on the contract the amount of the order, and there remained owing to the builder fifty dollars and no more, and that was the only sum which the lienors could require the defendant to pay, and their liens on the property were limited to that amount, and could have been satisfied by the defendant at any time by paying to them that sum.

We think the contract will bear the construction that the amount of the payment which the defendant was at liberty to withhold, under the clause of the contract relied upon and above quoted, was no greater than double the sum of money he owed the builder when the lien was filed, and it seems plain that such was the intention of both parties. The provision was intended for the defendant's protection, and, if he was permitted to retain in his own hands twice

the sum for which a lien could be legally placed on his property, it would seem as if his indemnity would be at all times ample by giving to the contract such a construction.

If no liens had been filed by third parties within thirty days after the completion of the contract, the plaintiffs could have maintained this action and recovered the $700 beyond all dispute. The lienors may collect, if their proceedings are regular, the fifty dollars which remains due to the builder from the defendant. They can recover nothing more, and it does not appear from the record that they claim anything beyond that sum. The contract is very explicit that the payment which the defendant may withhold shall be equal to not less than double the amount of or for which such lien can or shall exist; and it does not, in terms, permit him to retain more, and without such express provision permitting him to do so, the remaining sum owing by him on the contract would become due in thirty days from the completion of the building. We incline to the opinion that the filing of liens by third parties did not have the effect to postpone the time of payment of a part of the debt transferred to the plaintiff by the order.

It remains to be determined what effect, if any, the institution of proceedings by the plaintiffs to create a lien on the owner's property had in extending the time of payment of the portion of the debt transferred to them by the builder. It appears, from the case, that they filed a notice with the county clerk on the same day the other lienors did, whether before or after is not stated. In the notice the amount of their claim is mentioned as $700, and that it existed against Herle, the contractor, and the defendant, the owner of the premises; and that the same became due to them as sub-contractors for labor and material supplied in the construction of the building. It does not appear from the notice filed, or from any other evidence given on the trial, that the demand which they are seeking to secure by a lien on the building is for the $700 assigned to them by the builder. They had a demand, as sub-contractors, against Herle, the builder, after applying thereon the amount of the order, which might, by a proper proceeding, have been made a lien on the property to the extent of the sum unpaid on the contract, after deducting the $700 embraced in the order.

We are of the opinion that the provisions of the contract allowing

the defendant to withhold the payment of a portion of the money due from him to the contractor, in case a lien should be created, does not apply to a lien to secure a debt or demand which the builder himself might have against the defendant, and that the provisions of the contract on that subject relate wholly to liens created to secure claimants who were not parties to the agreement. One of the purposes of the agreement was to delay the time of payment of the sum mentioned until after the amount due the claimant could be adjusted in some manner satisfactory to or binding on the contractor by a final judgment in the proceedings. The language of the contract does not, in terms, apply to a lien which the contractor himself may place upon the property to secure the money which may be due him under the contract, and it would be unreasonable to place upon the same any construction which supports such a contention. It is manifest that it was not intended to bring within the terms of the stipulation a lien placed on the property to secure a debt for which the owner was personally liable, because in such a case he could discharge the lien by payment of the debt; and if that was in dispute, then the litigation over that question would have the effect to postpone the time of payment, and there would be no advantage gained by the owner by inserting such a provision in the contract. So if it could be held that the lien created by the action of the plaintiffs embraces the debt owing by the defendant, personally, to the plaintiffs, it would not defeat this action, upon the ground that the debt sued for was not due and payable.

The order and judgment appealed from should be reversed.

DWIGHT and CHILDS, JJ., concurred.

Order appealed from reversed, with ten dollars costs and disbursements.