(69 Hun, 554.)

HIRSHFIELD v. LUDWIG et al., (two cases.)

(Supreme Court, General Term, Fifth Department. March, 1893.)

MORTGAGES—PRIORITY OVER MECHANICS' LIENS.

A fund was held by S., to be paid out, as directed by defendant, in erecting buildings on defendant's land. Two orders drawn on the fund were presented to S., but before they were paid a sum exceeding the entire amount of the fund was paid out on other orders, and defendant thereupon gave S. a mortgage on the land to secure past and future advances by him. After the mortgage was recorded, F. filed a notice of lien for materials, and later S. paid the two orders theretofore presented. *Held*, that these orders, being assignments of the fund pro tanto at the time they were presented, should be deducted from the fund as of that time, and therefore the whole amount paid by S. in excess of the fund was advanced by him before notice of F.'s lien, and to that extent the mortgage was superior.

Appeal from Monroe county court.

Actions by Marcus Hirshfield against Maria Ludwig, Josiah Sullivan, John H. Foley, and others. From an order in each action confirming the report of a referee, and directing the distribution of surplus moneys arising on a sale in foreclosure, defendant Foley appeals. Affirmed.

One action was brought to foreclose a first mortgage given by the defendant Ludwig to the plaintiff Hirshfield upon lot No. 22, on Colvin street, in the city of Rochester, and resulted in a surplus of $575.15. On the 10th day of October, 1890, the defendant Ludwig executed a mortgage on said lot 22 to the defendant Sullivan for $500, but which was in fact given to secure him for moneys which he had theretofore or which he might thereafter advance to her, or upon her account. This mortgage was recorded in Monroe county clerk's office on the 11th day of October, 1890. On the 16th day of October, 1890, the defendant Foley filed a notice of mechanic's lien against said premises, to secure him for materials which he had sold to the defendant Ludwig, of the value of $300, and which had been used in the erection of a house on the lot.

The other action was brought to foreclose a first mortgage given by the defendant Ludwig to the plaintiff Hirshfield upon lot No. 26, on Colvin street, in said city, and resulted in a surplus of $540.15. On the 11th day of October, 1890, the defendant Ludwig executed a mortgage on said lot 26, and also upon lot 22, to the defendant Sullivan for $500, but which was in fact given to secure him for moneys which he had theretofore or which he might thereafter advance to her, or upon her account. The mortgage was recorded in Monroe county clerk's office on the 13th day of October, 1890. On the 16th day of October, 1890, the defendant Foley filed a notice of mechanic's lien against said lot No. 26, to secure him for materials which he had sold to the defendant Ludwig, of the value of $300, and which had been used in the erection of a house on the lot.

Subsequent to the sales in the two actions the defendants Sullivan and Foley both filed notices of claim to the surplus money, and Horace G. Pierce, Esq., was by orders of the Monroe county court granted on the 29th day of May, 1891, appointed a referee to ascertain and report as to the priority of claims to such surplus moneys.

Argued before DWIGHT, P. J., and LEWIS, MACOMBER, and HAIGHT, JJ.

Geo. Truesdale, for appellant.

H. W. Morris, for respondent.

DWIGHT, P. J. There were two mortgages made by the defendant Ludwig to the plaintiff on several premises on Colvin street, in the city of Rochester. The foreclosure of the first mortgage produced a surplus of $575.15; of the second a surplus of $540.15. The controversy here is between the two defendants Sullivan and Foley in respect to the priority of their respective liens, both having been made defendants, as lienors, subsequent to the plaintiff. The referee to whom the matters in difference in this proceeding were referred found and reported that the defendant Sullivan had liens by virtue of two mortgages on the premises in question to the amount of $1,286.50, which were prior and superior to the liens of the defendant Foley. The county court modified the report by striking out a single item of the defendant Sullivan's claim, (which, however, did not reduce that claim below the total amount of the surplus moneys in hand,) confirmed the report as so modified, and ordered the whole amount of surplus moneys, after providing for the expense of the proceeding, to be paid to the defendant Sullivan. It is from that order in each action that this appeal is taken.

The liens of the defendant Sullivan were, by virtue of two mortgages of $500 each, executed by the defendant Ludwig to him, on the same parcels of land, respectively, as those covered by the plaintiff's mortgages. They were executed, respectively, on the 10th and 11th days of October, 1890, and were duly recorded; the former on the 11th and the latter on the 13th day of the same month. They were given as general security for whatever sums might be or become due from Mrs. Ludwig to Mr. Sullivan. The liens of the defendant Foley were for materials sold by him to Mrs. Ludwig, and employed by her in the erection of buildings on the same lots, to the amount of $300 on each lot. His notices of lien were filed on the 16th day of October, 1890. The defendants Sullivan and Foley filed the only notices of claim to the surplus moneys in question, and were the only parties represented on the reference herein. The indebtedness of Mrs. Ludwig to the defendant Sullivan arose by way of advances made by him to her or for her benefit, in connection with building operations other than those which gave rise to Foley's mechanics' liens. She had procured loans from two loan associations in Rochester to the net amount of $4,270.75 on lots other than those covered by the plaintiff's and Sullivan's mortgages. Mr. Sullivan was the attorney for both of these associations, and the money loaned by them was put into his hands, to be advanced to Mrs. Ludwig as the buildings on the lots covered by their mortgages should progress to completion. On the 13th day of October, 1890, the entire net avails of these loans had been thus advanced to and for Mrs. Ludwig, and, in addition thereto, the sum of $390.50 from Mr. Sullivan's own funds; and on and before the 24th day of November he had made further advances to the amount of $100, under an express agreement of Foley that it should have precedence as a lien, under the Sullivan mortgage, to the mechanic's lien of Foley. This made the sum of $490.50 for

which the lien of Sullivan's mortgage was unquestionably superior to that of Foley under his notice as a material man.

. The sole question in the case relates to the effect of certain orders which were drawn by Mrs. Ludwig on the funds in Sullivan's hands before the time when the liens of Foley attached, though not paid until after that time. The facts bearing upon this question are that on the 24th day of June, 1890, Mrs. Ludwig drew on Mr. Sullivan, in favor of a firm of lumber dealers, an order for the payment of $468.50, to be charged against the avails of the loan of the Monroe Avenue Association; and on the 23d day of August another order in favor of the defendant Foley himself for $537, payable out of the fund arising from the loan of the Park Avenue Association. She also drew an order in favor of a firm known as Vogel & Binder, for $275, which was in general terms, and not payable out of any particular fund. Sullivan paid all three of these orders at dates varying from May to August, 1891. The referee classed the Vogel & Binder order with the other two, and gave to it the same effect in determining the amount of Sullivan's lien. The county judge, on the other hand, distinguished it from the others by the fact that it was not drawn against a particular fund. The question need not be discussed here, because to exclude the third order still leaves the amount paid by Sullivan in excess both of the surplus moneys upon which he asserts a lien and of the two mortgages upon which his lien is based. Upon these facts we concur with the learned county court in the conclusion that the defendant Sullivan was entitled to a lien in preference to that of the defendant Foley to the full extent of the two mortgages held by the former. The ground of this conclusion, as already foreshadowed, is that each of the two orders first mentioned, being drawn upon a particular fund named therein, had the effect of an assignment pro tanto of that fund, and bound it in the hands of the drawee from the date of the presentation or notice of such assignment, (Brill v. Tuttle, 81 N. Y. 454; Lauer v. Dunn, 52 Hun, 191, 5 N. Y. Supp. 161; Id., 115 N. Y. 405, 22 N. E. Rep. 270;) that such was the case whether the fund was in the hands of the drawee at the time of notice of the order or came into his hands thereafter; that in either case the drawee became primarily liable to the payee for the amount of the order as in the case of acceptance; that it is immaterial at what time the order was actually paid, and that the drawee is entitled to maintain his lien by virtue of any security he holds therefor from the date when the indebtedness thus becomes his own. These propositions seem to result necessarily from the doctrine of the cases cited, and they lead to an affirmance of the order appealed from. Order of the county court of Monroe county in each case appealed from affirmed, with costs. All concur.