PER CURIAM.
judgment appealed from should be affirmed, with costs, upon the opinion filed by the learned trial judge. .
The opinion of McADAM, J., on the trial, is as follows:
The plaintiffs were to put up three Blackman Air Propellers in defendant’s factory, guarantied to prevent accumulations of smoke in the tempering room. The defendant was to furnish the power required to run the machines. The evidence shows that this power was to be obtained by attaching the propellers to the line of shafting in the tempering room. They were so affixed, but the power proved insufficient to drive them. The defendant undertook to remedy the defect by strengthening the shafting, etc., but this did not cure the difficulty. .Mr. Wolff, the defendant’s consulting engineer, then suggested that the power be taken from 8 shaft in the main building, and asked if the plaintiffs would *482 bear half of $100, the expense of the change. The plaintiffs-agreed to this, but the defendant declined. The action is to recover $487, the agreed price of the propellers; and the defense, nonperformance, in that the machines did not do their work. The contract was a dependent one, containing concurrent obligations, and, if the plaintiffs performed their part, a recovery may, nevertheless, be had. 3 Am. & Eng. Enc. Law, 910. . This-upon the principle that, when the obligation by one party presupposes the doing of some act on the part of the other party thereto, the neglect or refusal to perform such act dispenses with the obligation of performance by the other. Mansfield v. Railroad Co., 102 N. Y. 205-211. And see Bogardus v. Insurance Co., 101 N. Y. 328; Gallagher v. Nichols, 60 N. Y. 438; Niblo. v. Binsse, 3 Abb. Dec. 375; Bryon v. Mayor, ect., 54 N. Y. Supr. Ct. 411. The machines were to be operated by steam, and the defendant could not, by refusing to furnish the necessary power, absolve itself from the obligation to pay. There can be no doubt about the fact that the plaintiffs connected the machines with power at the proper place. The connection was nade at the place designated in the letter which forms the contract, and at the spot agreed upon. Even if the contract had been ambiguous on this point, the law would hold the defendant to that meaning which it knew the other party supposed the words to bear. 2 Pars. Cont. (6th Ed.) 50Q. The defendant never intimated by word or act that the point where the connection was made was not the agreed place, and never suggested that it should have been made elsewhere. The defendant ought to have accepted the offer' to divide the expense of correcting the error in selection, as the plaintiffs were not responsible for the mistake. The .defendant’s consulting engineer certified that the work, in point of construction, was well done, and this is all that could be required under the circumstances. The plaintiffs are entitled to judgment for the amount claimed (less the $50), with interest aggregating $508, with costs; thirty days to make a case, and a like stay of execution after notice of entry of judgment. Findings passed upon and filed.