A. O. Andersen & Co., Inc., Plaintiff, *v.* Arthur H. Lamborn et al., Defendants.

(Supreme Court, New York Special Term, June, 1920.)

Ships and shipping — charter-party — contracts — assignments — pleading — when motion for judgment on the pleadings granted.

    Where a domestic steamship company was under contract with defendants to transport sugar from Cuba to Holland, at a rate in excess of thirty dollars a ton, its order, made and delivered to plaintiff, in part consideration of its chartering a steamship, to said company, directing defendants to pay the freight at the rate of thirty dollars a ton directly to the plaintiff, constitutes an assignment *pro tanto* of the money to become due from the defendants to the steamship company.

    Where the complaint contained an allegation that the defendants, after having been notified of said order, had voluntarily paid over the money to the steamship company, plaintiff's motion for judgment on the pleadings will be granted with leave to defendants to withdraw their demurrer and serve an answer.

Motion by the plaintiff for judgment upon the pleadings.

Duncan & Mount, for motion.

Louis O. Van Doren, opposed.

Giegerich, J. The plaintiff moves for judgment upon the pleadings, consisting of a complaint and a demurrer interposed upon the ground of insufficiency. The complaint contains, among others, the following allegations: That on or about December 29, 1919, the Susquehanna Steamship Company, Inc., a domestic corporation, made and delivered to the plaintiff an order of which the following is a copy:

" Susquehanna Steamship Company, Inc.,
        " 52 Broadway,
            " New York, *December* 29, 1919.
" Messrs. Lamborn & Co., New York City:

" The Susquehanna Steamship Company, Inc., has today entered into a charter party with A. O. Andersen & Co., Inc., as agents, on the steamer *Lydia,* to lift the February sugar under our contract with you. Under this contract you will be obligated to pay us the freight on this sugar in accordance with the terms of our contract, and we wish to provide for the payment of the freight money which will be due from the Susquehanna Steamship Company to A. O. Anderson & Co., Inc., as agents, and we therefore request and direct you to pay to A. O. Andersen & Co., Inc., as agents, at the rate of $30 per ton on this sugar, in the same manner and at the same time as provided in our contract. The payment made to A. O. Andersen & Co., Inc., as agents, will be in reduction of your obligation to pay us under our contract with you.

                        " Yours truly,
            " Susquehanna Steamship Co., Inc.
                " (Sgd.)   J. D. Phillips,
            " *Vice President and General Manager.*"

That a contract had been made between the said steamship company and the defendants, who are copartners doing business under the firm name Lamborn & Co., by which the steamship company undertook to provide for the transportation of sugar for Lamborn & Co. from Cuba to Holland, and Lamborn & Co. agreed to pay the steamship company therefor at a rate in excess of $30 per ton on the sugar so transported; that on the said 29th day of December, 1919, a charter party was entered into as stated in the above letter between the plaintiff, as agent for the steamship *Lydia,* and the said steamship company, whereby the

plaintiff chartered the said steamship to the said steamship company for the transportation of a cargo of sugar from Cuba to Holland, said cargo being one which the said steamship company was under obligation to transport for the defendant under its said agreement; that the order above set forth was made by the steamship company and delivered by it to the plaintiff in part consideration of the plaintiff's chartering the steamship *Lydia* to the said steamship company as aforesaid; that on or about the 9th day of January, 1920, the plaintiff gave notice to the defendants of the said order by delivering the same to the defendants, and that thereafter the said steamship was tendered to the defendants in Cuba for a cargo in accordance with the agreements aforesaid, and there was provided by the defendants and loaded on board the said steamship a cargo consisting of 4,928 tons of sugar, which was thereupon carried by the said steamship to Holland and delivered in accordance with the bill of lading therefor; that by reason of the premises there became due from the defendants to the said steamship company freight on said cargo of sugar at a rate in excess of $30 per ton, and that thereafter the defendants, without the consent of the plaintiff, and in disregard of the said order, paid to the said steamship company the entire freight on said cargo of sugar, and failed and refused to pay to the plaintiff the amount specified in said order, namely, $30 per ton on 4,928 tons, or $147,-867.45, for which amount judgment is demanded. I am of the opinion that under the decisions the order above quoted constituted an assignment *pro tanto* of the moneys to become due from the defendants to the steamship company. *Brill* v. *Tuttle,* 81 N. Y. 454; *Hibbs* v. *Brown,* 190 id. 167; *Muller* v. *Kling,* 209 id. 239; *Foley* v. *New York Sav. Bank,* 157 App. Div. 868;

*Hofferberth* v. *Duckett,* 175 id. 480.  I cannot accede to
the argument made by the learned attorney for the
defendants that the letter above quoted constituted a
demand on the defendants that they accept a new con-
tractural relation for the carriage of goods with new
parties.  The allegations of the complaint, construed
together, should, I think, be taken to mean that the
steamship company's contract with the plaintiff was
one it was permitted to make under its contract with
the defendants and that the plaintiff's transportation
of the cargo referred to was a part of the steamship
company's performance of its contract with the de-
fendants or, for aught that appears in the complaint,
full performance of such contract, and that everything
contained in the letter of December 29th, except the
order to pay, is to be treated as merely explanatory.
Neither do I think that the complaint fails to allege
that the particular fund described in the order became
due from the defendants to the steamship company.
There is nothing to show that the steamship company's
contract with the defendants called for the transporta-
tion of anything but February sugar and nothing to
show that the carriage of the cargo by the plaintiff's
vessel was not full performance of such contract.  It
may be that some of the allegations of the complaint
are close to the border line of conclusions, within the
meaning of that term in the consideration of plead-
ings, but when taken in connection with the allegation
that the defendants paid to the steamship company the
entire freight on the cargo in question, I am of the
opinion that it should be held that the complaint suffi-
ciently states a cause of action.  It is finally claimed
by the defendants that the complaint is insufficient
because it fails to allege that the plaintiff has not re-
ceived payment of the freight moneys from the steam-
ship company.  This contention is based upon the

theory that the order in question in terms gives notice to the defendants that the assignment from the steamship company to the plaintiff was by way of collateral security and that therefore the defendants' obligation under it was that of a surety. I cannot assent to this view. The purpose of the order was that the defendants should pay the freight moneys to the plaintiff in the first place and thus relieve the steamship company of the necessity of making payment of the same itself to the plaintiff. Under the terms of the order the defendants were obliged to pay the moneys in question directly to the plaintiff as soon as they became due. It does not, as claimed by the defendants, provide security for such payment if the steamship company should fail to make it. There is nothing contained in the order which warrants the inference that the obligation of the defendants to pay the freight moneys was conditioned upon the steamship company's failure to pay the same. On the contrary, the order, as I construe it, created a direct and primary obligation on the part of the defendants to pay the freight on the cargo of sugar to the plaintiff (*Hirshfield* v. *Ludwig*, 69 Hun, 554, 557; *Gallagher* v. *Nichols*, 60 N. Y. 438, 444, 445), and consequently, if the defendants, under the circumstances alleged, voluntarily paid over the money to the steamship company, they did so in their own wrong. *Brill* v. *Tuttle, supra*, 460. The motion should therefore be granted, with $10 costs, but with leave to the defendants to withdraw their demurrer and to answer within twenty days after service of a copy of the order to be entered hereon, with notice of entry thereof, and upon payment of such costs.

Ordered accordingly.